| | |
|---|---|
| KIRA FERGUSON, individually and and as the Executrix of the Estate of WILLIAM S. FERGUSON, dec. and SHANNON FERGUSON, in her own right, <br><br>    Plaintiffs, <br><br>v. <br><br>SUSAN DOONAN BLACKWELL, f/k/a SUSAN DOONAN BIELSKI <br><br>    Defendant. | Case No.: 1:23-cv-00032-JPJ-PMS |

## PLAINTIFFS' OPPOSITION TO DEFENDANT BLACKWELL'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Plaintiffs, by counsel, file this opposition to Blackwell's Motion to Dismiss for lack of personal jurisdiction. Blackwell has failed to address this Court's personal jurisdiction under Virginia Code § 8.01-328.1 (A) (6): "Having an interest in, using, or possessing real property in this Commonwealth." Other factors discussed below make clear that Blackwell has availed herself of Virginia privileges at least since October 14, 2021.

Blackwell filed her motion to dismiss under FRCP 12(b)(2), lack of personal jurisdiction, "**because** Bielski [Blackwell] is not a resident Virginia and **had not engaged in any action** that would permit this Court to exercise specific personal

jurisdiction over her." ECF 11.Pageid#:215. (Emphasis added.) Blackwell then argues incorrectly that

> "…the **only way** that this Court can exercise jurisdiction over Bielski (Blackwell) is **if she engaged in tortious activity** within Virginia purposefully availing herself of this jurisdiction's privileges and that it would be constitutionally reasonable for the Court to exercise jurisdiction over Bielski [Blackwell]." *Id.* (Emphasis added.)

Plaintiffs Kira Ferguson and Shannon Ferguson are the biological daughters and 2 of 4 heirs to their late father's estate, William S. Ferguson, Deceased. Kira currently is the Executrix of his estate. Kira resides in the Commonwealth of Virginia. Shannon Ferguson resides in the Commonwealth of Pennsylvania. Defendant, Susan Doonan Bielski Blackwell is one of two stepdaughters of the decedent, William S. Ferguson, by and through his marriage to Joyce Doonan, who preceded him in death are also heirs to the estate of their stepfather. ECF 1-1 Pageid#:8. It is believed Blackwell resides in New Hampshire.

Blackwell challenges this Court's personal jurisdiction over her in this action which alleges she participated in various tortious ways in the death of her father. His death on October 14, 2021, resulted in the vesting of her interest in the Wythe County property.

Blackwell has owned an interest in real property in Virginia at least since her stepfather's death on October 14, 2021. This action also challenges her entitlement to her father's devise to her under his will given these alleged circumstances.

Blackwell's ownership of that property and the litigation surrounding her ownership clearly fall within Va. Code § 8.01-328.1 (A), Virginia's Long Arm Statute :

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's: . . .
>
> 6. Having an interest in, using, or possessing real property in this Commonwealth

Because Virginia's long-arm statute extends personal jurisdiction to the extent permitted by the Due Process Clause, the statutory inquiry necessarily merges with the constitutional inquiry, and the two inquiries essentially become one. *Stover v. O'Connell Assocs., Inc.*, 84 F.3d 132, 135-36 (4th Cir.1996). *English & Smith v. Metzger*, 901 F.2d 36, 38 (4th Cir.1990).

In addition to the plain reading and application of the statute giving this Court personal jurisdiction, other contacts independently support this conclusion. Blackwell has availed herself of the Virginia judicial system in other ways. This action is here because of Ms. Blackwell's removal notice filed on Sept. 19, 2023 for this action filed initially in the Circuit Court of Wythe County, Va. In a separate action, related to the management of the Ferguson estate, including the real property, Blackwell has availed herself of the Virginia judicial system and has been represented by Virginia counsel since at least April 6, 2022 in the matter styled, Re: Estate of William Sandrel Ferguson, Case No.: 210000240 and continues to be a plaintiff in the Circuit Court of Wythe County in a matter styled SUSAN DOONAN BIELSKI AND SANDRA B.

DOONAN v. KIRA FERGUSON, EXECUTRIX FOR THE ESTATE OF WILLIAM SANDRELL FERGUSON, Case No. CWF210000240. ECF 6-1, Pageid# 153,161.

It is undisputed that Blackwell spent several days on the property **(using the property)** with her stepfather in the home caring for him with the plan that she would also drive him to Pennsylvania for medical treatment scheduled by plaintiff Kira Ferguson who was in Pennsylvania waiting for them. Blackwell was at the home with him the day he shot himself.

The question whether Blackwell has sufficient "minimum contacts with Virginia such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice,'" is clearly yes. *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)

The criteria adopted by the Fourth Circuit, "(1) whether the defendant purposefully availed itself of the privileges of conducting activities in the forum state, (2) whether the plaintiff's claim arises out of the defendant's forum-related activities, and (3) "whether the exercise of personal jurisdiction over the defendant would be constitutionally reasonable," may each be easily answered in the affirmative. *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 352 (4th Cir. 2020) (quoting *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009) ), cert. denied.

The court need not address Blackwell's arguments regarding the substantive allegations in the complaint in order to make this decision. Blackwell's voluntary and significant contacts with the Commonwealth of Virginia including ownership of real

4

property, support this Court's personal jurisdiction over Blackwell. It would be incongruent and unfair that Blackwell could avail herself of the courts in the Commonwealth, but not be subject to them as a defendant.

Kira Ferguson and Shannon respectfully request that the motion be denied.

**PLAINTIFFS**
**BY COUNSEL**

Respectfully submitted,
/s/ Mary Lynn Tate
Mary Lynn Tate, Esq. (VSB # 16085)
Tate Law PC
P.O. Box 807
211 W. Main St.
Abingdon, VA 24212
Phone: (276) 628-5185
Fax: (276) 628-5045
Email: mltate@tatelaw.com

Gerard K. Schrom, Esquire
Schrom, Shaffer & Botel, P.C.
4 West Front Street
Media, PA 19063
Phone: (610) 565-5050
Fax: (610) 565-2980
Email: gschrom@schromandshaffer.com
Co-Counsel for Plaintiffs

## Certificate of Service

I hereby certify that on this 24th day of March, 2024, a copy of the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANT BLACKWELL'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** was filed ECF, sent via electronic mail for filing and service on counsel for Defendant.

/s/ Mary Lynn Tate

Kathleen McCauley, Esquire (VSB # 39028)
Stewart R. Pollock, Esquire (VSB # 92466)
MORAN REEVES & CONN PC
1211 E. Cary Street Richmond, Virginia 23219
Telephone: (804) 864-4832
Facsimile: (804) 421-6251
kmccauley@moranreevesconn.com
spollock@moranreevesconn.com

Counsel for Susan Doonan Blackwell, a/k/a Susan Doonan Bielski