IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| **KIRA FERGUSON, EXECUTOR\*\*** of the | : | |
| **ESTATE OF WILLIAM S. FERGUSON** | : | |
| **DECEASED, and KIRA FERGUSON** | : | |
| and **SHANNON FERGUSON,** | : | |
| **Individually, in the own right** | : | |
| Plaintiffs, | : | Civil Action No.: 1:23-cv-00032 |
| v. | : | |
| **SUSAN DOONAN BLACKWELL a/k/a** | : | |
| Susan Donnan Bielski, | : | |
| Defendant. | : | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT,
SUSAN DOONAN BLACKWELL'S MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION**

Plaintiffs, by counsel, submit this Response in Opposition to Defendant, Susan Doonan Blackwell's (Blackwell) Motion to Dismiss for Lack of Personal Jurisdiction under FRCP 12 (b)(2). Blackwell, who is not a resident of Virginia, claims she has not engaged in any action and has no contacts with Virginia that would permit this Court to exercise specific personal jurisdiction over her. This Motion is not supported by applicable Virginia and federal law or the Virginia Long Arm Statute.[1]

---

[1] We note that Exhibit A of Defendant's brief contains multiple redacted black outs which were represented by Blackwell's counsel to be photographs. We requested legible copies and were told that "there is nothing in them relevant" to this motion. We still have not received legible copies.

# INTRODUCTION

Defendant Susan Doonan Blackwell seeks dismissal of this action which alleges that her tortious direction and participation was a cause of the death of her stepfather William Ferguson while he was under her care. Blackwell seeks dismissal contending that this Court neither has general personal jurisdiction over Blackwell because she is a citizen of New Hampshire, nor specific personal jurisdiction over her. Defendant is wrong. Plaintiffs' First Amended Complaint alleges at least three (3) factual bases for specific personal jurisdiction under the Virginia Long Arm Statute contained in Va. Code: 8.01-328.1.A. [2]

- 8.01-328.1.A. (1) Transacting any business in Virginia.
- 8.01-328.1.A. (3) Causing tortious injury in Virginia by act or omission.
- 8.01-328.1.A. (6) Having an interest in real property in Virginia.

While plaintiffs believe that any one of these three provisions gives this Court personal jurisdiction over Defendant Blackwell, it is now clear that *independent* of the Long Arm Statute, Virginia also has personal jurisdiction over Blackwell under Va. Code Title 64.1, "Wills and Decedents' Estates." Virginia law on trusts and estates applies here and grants personal jurisdiction over trustees and *beneficiaries* of probate estates that are being administered in this Commonwealth.

Va. Code § 64.2-1632.A. provides the definition encompassing this circumstance:

---

** On April 18, 2024, by agreed order, Tara Adams, CPA, replaced Kira Ferguson as Admin of the Estate of William Ferguson. The Admin's counsel has no objection to this filing while Admin completes assessment.

[2] Claim of waiver by counsel referenced earlier is withdrawn.

2

> "In this section, "estate, trust, or other beneficial interest" means a trust, *probate estate*, guardianship, conservatorship, escrow, or custodianship or a fund from which the principal is, may become, or claims to be entitled to a share or payment."

Va. Code § 64.2-711 titled "Jurisdiction over trustee and beneficiary" provides in pertinent part:

> "B. With respect to their interests in the trust, *the <u>beneficiaries of a trust</u> having its principal place of administration in the Commonwealth <u>are subject to the jurisdiction of the courts of the Commonwealth regarding any matter involving the trust</u>. By accepting a distribution from such a trust, the recipient submits personally to the jurisdiction of the courts of the Commonwealth regarding any matter involving the trust. (Emphasis added.)*

Blackwell alleges that Plaintiffs cannot meet their burden of proof to establish personal jurisdiction under any of the proffered theories. In making this claim Blackwell (1) misconstrues the applicable standard (prima facia) for establishing personal jurisdiction in this context, (2) ignores Blackwell's prior initiation of legal claims in a Virginia court where she purposefully availed herself of that privilege to protect her interests in property contained in her stepfather's estate located in Virginia, and (3) does not recognize the scope of Virginia's definitions of "interest" in property.

## ARGUMENT

**I.      This Court has personal jurisdiction over Blackwell because she is a beneficiary of a Probate Trust being administered in Va.**

Virginia law on trusts and estates applies here and grants personal jurisdiction over trustees and beneficiaries of probate estates that are being administered in this Commonwealth. Va. Code § 64.2-1632.A. provides the definition encompassing this circumstance:

> "In this section, "estate, trust, or other beneficial interest" means a trust, *probate estate*, guardianship, conservatorship, escrow, or custodianship or a fund from which the principal is, may become, or claims to be entitled to a share or payment."

Va. Code § 64.2-711 titled "Jurisdiction over trustee and beneficiary" provides in pertinent part:

> "B. With respect to their interests in the trust, *the beneficiaries of a trust having its principal place of administration in the Commonwealth are subject to the jurisdiction of the courts of the Commonwealth regarding any matter involving the trust. By accepting a distribution from such a trust, the recipient submits personally to the jurisdiction of the courts of the Commonwealth regarding any matter involving the trust.*

In this setting, this Court has jurisdiction from the single fact Blackwell is a beneficiary of the estate and the matter involves the estate. In addition in this case she and the three other heirs have received a distribution of stocks from this estate from the Executrix before Dec. 23, 2021. There can be no dispute that this suit involves the estate.

## II. This Court has jurisdiction over Blackwell under Va. Code: 8.01-328.1.A., the Virginia Long Arm Statute.

"[T]he purpose of Virginia's long arm statute is to assert jurisdiction over nonresidents who engage in some purposeful activity in this State to the extent permissible under the due process clause." *Kolbe v. Chromodern Chair Co., Inc.,* 211 Va. 736,740, 180 S.E.2d 664, 667 (1971) (emphasis added); see also *Bergaust v. Flaherty*, 57 Va. App. 423, 429, 703 S.E. 2d (2011). Any analysis of personal jurisdiction is a two-step process. First, each cause of action must be examined for a fit against each part of the Long Arm Statute, Va. Code Ann. 8.01-328.1 (Supp. 2011). If there is a fit, the Court must then determine "whether the Long Arm's reach in that particular instance exceeds its constitutional grasp." Processing Research, Inc. v. Larson, 686 F. Supp. 119, 121 (1988).

Under each section the person must have certain minimum contacts within the state "so that maintenance of an action against that person does not offend 'traditional notions of fair play and substantial justice.'" Peninsula Cruise Inc. v. New River Yacht Sales, Inc., 257 Va. 315, 319, 512 S.E.2d 560, 562 (1999) (citing International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). The person must have "purposely availed himself of the laws of the forum state such that he could reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). The court must examine the circumstances of each case to determine whether the minimum contact threshold has been met

### A. Plaintiffs allege a prima facie case of tortious injury under 8.01 328.1.A. (3), meeting their burden.

5

When a court's personal jurisdiction is properly challenged by motion under the Federal Rule of Civil Procedure 12(b)(2), the jurisdictional question raised is one for the judge, with the burden on the plaintiff *ultimately* to prove grounds for jurisdiction by a preponderance of the evidence. *Combs v. Bakker,* 886 F.2d 673, 676 (4th Cir.1989); *Dowless v. Warren-Rupp Houdailles, Inc.*, 800 F.2d 1305, 1307 (4th Cir.1986); 2A James W. Moore, Moore's Federal Practice p 12.07[2.-2] (1985 & Supp.1992-93). However Blackwell's argument that burden must be met at this time is incorrect. When, as here, the district court decides a pretrial personal jurisdiction dismissal motion without an evidentiary hearing, the plaintiff need prove only a prima facie case of personal jurisdiction. Combs, 886 F.2d at 676. Plaintiffs' burden is merely to make a 'Prima Facia' showing of sufficient jurisdictional basis.

When the parties have not yet had a fair opportunity to develop and present the relevant jurisdictional evidence, we have treated the disposition of Rule 12(b)(2) motions to dismiss for a lack of personal jurisdiction in conceptually the same manner as we treat the disposition of motions to dismiss under Rule 12(b)(6), where we take allegations of the complaint as true for purposes of assessing the motion to dismiss. Analogously, therefore, when considering a motion to dismiss under Rule 12(b)(2) at such a preliminary stage, even when the motion is accompanied by affidavits, plaintiffs' allegations are given favorable presumption. The *Court must construe all relevant pleading allegations in the light most favorable to the Plaintiff and draw all reasonable inferences for the existence of jurisdiction.* in the light most favorable to the plaintiff. *Grayson* , 816 F.3d at 268. This approach allows a district court to decide the motion "as a preliminary matter" early in the proceeding. Id . See *Mylan Laboratories, Inc. v. Akzo, N.V.*, 2 F.3d 56 (4th Cir. 1993).

6

Blackwell's plans to come visit, which had not occurred since her mother's death was scheduled. after she was advised that. Kira had made plans for him to be seen by doctors in Pennsylvania who believed they could help him. Blackwell voluntarily and intentionally assumed the care of her stepfather by assuring Kira that she would take care of him and bring him to Philadelphia for his medical appointments. This resulted in other changes. Cousin Perry already there to care for him then take Mr. Ferguson to Pennsylvania, as he had planned, left with the assurance that Blackwell would care for him and drive him to Pennsylvania

As alleged in the complaint, Blackwell spent four days on the property (using the property) staying with, visiting with and caring for her stepfather with the plan that she would also drive him to Pennsylvania for medical treatment scheduled by plaintiff Kira Ferguson who was in Pennsylvania waiting for them. Blackwell began a series of discouraging comments about the success of any further treatment for him. She recognized his depression and knew of his mental health issues. She sought help for his care in the house by texting with Kira about his walking, such as text regarding: *"give me pointers on… taking care of him", "he hasn't eaten all day", "had nice salad", where do sleep wedges go?" pack…clothes, medicine, toothbrush", "brought walker with chair";etc..,* all the while knowing that her stepfather was of unsound mind and not well.

Assuming the duty to care for another person as Blackwell did here, especially one having both mental and physical issues is considered seriously in Virginia in both civil and criminal law. Va. Code 12.2-369" <u>Abuse and Neglect of Vulnerable Adults</u>", provides

"§ 18.2-369. Abuse and neglect of vulnerable adults; penalties

7

A. It is unlawful for any responsible person to abuse or neglect any vulnerable adult. Any responsible person who abuses or neglects a vulnerable adult in violation of this section and the abuse or neglect does not result in serious bodily injury or disease to the vulnerable adult is guilty of a Class 1 misdemeanor. Any responsible person who is convicted of a second or subsequent offense under this subsection is guilty of a Class 6 felony.

B. Any responsible person who abuses or neglects a vulnerable adult in violation of this section and the abuse or neglect results in serious bodily injury or disease to the vulnerable adult is guilty of a Class 4 felony. Any responsible person who abuses or neglects a vulnerable adult in violation of this section and the abuse or neglect results in the death of the vulnerable adult is guilty of a Class 3 felony.

C. For purposes of this section:

**"Abuse"** means (i) knowing and willful conduct that causes physical injury or pain or (ii) knowing and willful use of physical restraint, including confinement, as punishment, for convenience or as a substitute for treatment, except where such conduct or physical restraint, including confinement, is a part of care or treatment and is in furtherance of the health and safety of the vulnerable adult.

**"Neglect"** means the knowing and willful failure by a responsible person to provide treatment, care, goods, or services which results in injury to the health or endangers the safety of a vulnerable adult.

**"Responsible person"** means a person who has responsibility for the care, custody, or control of a vulnerable adult by operation of law or who has assumed such responsibility voluntarily by contract or in fact.

**"Serious bodily injury or disease"** includes but is not limited to (i) disfigurement, (ii) a fracture, (iii) a severe burn or laceration, (iv) mutilation, (v) maiming, or (vi) life-threatening internal injuries or conditions, whether or not caused by trauma. "Vulnerable adult" means any person 18 years of age or older who is impaired by reason of mental illness, intellectual or developmental

8

> disability, physical illness or disability, or other causes, including age, to the extent the adult lacks sufficient understanding or capacity to make, communicate, or carry out reasonable decisions concerning his well-being or has one or more limitations that substantially impair the adult's ability to independently provide for his daily needs or safeguard his person, property, or legal interests."

Under Virginia civil law, such actions and omissions are common law torts when the responsible person is given or assumes the duty of giving care to a vulnerable person.

In Kellermann v. McDonough, 278 Va. 478, 684 S.E.2d 786 (2009), our Supreme Court made clear that when a duty of care is assumed the caretaker has a duty to act as a reasonably person.

Kellermann claimed that the McDonoughs had a common law duty to supervise and care for Jaimee, a 14-year-old child, left with them temporarily was dependent upon the McDonoughs' care and supervision. The Court agreed with Kellermann that he pled a common law cognizable cause of action in negligence against the McDonoughs. The Court said,

> "We hold that when a parent relinquishes the supervision and care of a child to an adult who agrees to supervise and care for that child, the supervising adult must discharge that duty with reasonable care. However, such adult who agrees to supervise and care for a child upon the relinquishment of that care and supervision by the child's parent is not an insurer of the child's safety. Rather, the supervising adult must discharge his or her duties as a reasonably prudent person would under similar circumstances.

"Negligence," the Court has said "is not actionable unless there is a legal duty, a violation of the duty, and consequent damage." *Marshall v. Winston*, 239 Va. 315, 318, 389 S.E.2d. "The issue whether a legal duty in tort exists is a pure question of law," and thus is subject to de novo review. *Kellermann v. McDonough*, 278 Va. 478, 487, 684 S.E.2d 786, 790 (2009)., *Burns v. Gagnon*, 283 Va. 657, 727 S.E.2d 634, 281 Ed. Law Rep. 729 (2012).

Plaintiffs allege that Blackwell assumed the duty to care for Mr. Ferguson, a vulnerable person. Plaintiffs also allege a string of acts and omissions amounting to gross negligence if not a misdemeanor. These include failure to remove a gun from his possession, failure to seek treatment for him when he mentioned suicide, failure to take him to get help, failure to contact his biological daughters (Kira, medical power of attorney) for instruction. Engaging in discussion that enhanced his depression, "go be with mum", etc. as Mr. Ferguson was moving through the house with his gun, Blackwell shares with her stepsisters that she would say, "no don't do that in here…" She ultimately placed two chairs near the tree where they had spread Blackwell's mother's ashes that day. She sat beside him and gave additional instructions as described in the Affidavits of Kira Ferguson and Shannon Ferguson attached hereto as Ex. 1 and Ex. 2.. Mr. Ferguson shot himself as directed. Blackwell's acts and omissions then become the ultimate cause of his death. She calls no one. She watches his chest wound without seeking medical supplies and listens to him in his pain. She then walks to a neighbors house to share the story. The neighbor calls 911 then rushes to the house to try to stop Mr. Ferguson's bleeding. He tried but could not.

Plaintiffs' allegations state a prima facia claim under Subsection 3 of the Va. Long Arm Statute sufficient for personal jurisdiction over Blackwell.

Blackwell's defenses claim that no **acts** or **actions** are alleged. She ignores the Long Arm Statutes reference to "acts and **omissions**" and ignores the simple fact that failure to act is equally culpable and sometimes more so. Blackwell's final acts and omissions then result in her stepfather's death.

> **B. Plaintiffs contend that the subsections (1) (transacting business in Va-state court) and (6) (interest in real property) also independently give this Court personal jurisdiction over Blackwell.**
> **Those arguments have been previously briefed and are of record and will not be repeated here. [ECF 21], [ECF 27]**

## III.   Suicide by definition was not committed here.

To constitute suicide at common law, however, a person who takes his own life "must be of years of discretion, and in his senses." 5 William Blackstone, Commentaries * 189; accord Plunkett v. Supreme Conclave, 105 Va. 643, 646, 55 S.E. 9, 10 (1906) (" 'To constitute suicide at common law the person must be of years of discretion and of sound mind.' ").

This common law rule comports with a contemporary definition of suicide. Suicide is defined as "the deliberate and intentional destruction of his own life by a person of years of discretion and of **sound mind**." Webster's Third New International Dictionary 2286 (1981). *Wackwitz v. Roy*, 244 Va. 60, 418 S.E.2d 861, 866 (1992)

There is no dispute that Mr. Ferguson was not able to care for himself and was of

unsound mind. Yet Blackwell argues he knowingly and willfully shot himself in his chest. And she is absolved of all responsibility for her actions, omissions and words and deliberate inaction that caused his death.

Suicide is a superseding/intervening cause <u>unless</u> deceased was of unsound mind; He was of unsound mind, depressed and had recent medical referral to crisis center for depression suicide ideation.

There are no First Amendment protections for such language.  See  Speech integral to criminal conduct is a carveout of First Amendment.§ 18.2-369.

## CONCLUSION

Because this Court has clear personal jurisdiction under Virginia law over the defendant Blackwell, plaintiffs respectfully ask that the motion to dismiss be denied.

*PLAINTIFFS  BY COUNSEL*

*Respectfully submitted,*
*/s/ Mary Lynn Tate*
*Mary Lynn Tate, Esq. (VSB # 16085)*
*Tate Law PC*
*P.O. Box 807*
*211 W. Main St.*
*Abingdon, VA 24212*
*Phone: (276) 628-5185*
*Fax: (276) 628-5045*
*Email: mltate@tatelaw.com*

*Gerard K. Schrom, Esquire*

*Schrom, Shaffer & Botel, P.C.*

*4 West Front Street*

*Media, PA 19063*

*Phone: (610) 565-5050*

*Fax: (610) 565-2980*

*Email: gschrom@schromandshaffer.com*

*Co-Counsel for Plaintiffs*

Certificate of Service

*I hereby certify that on this 20th day of May, 2024, a copy of the foregoing PLAINTIFFS' OPPOSITION TO DEFENDANT BLACKWELL'S SEECOND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION  was filed ECF, sent via electronic mail for filing and service on counsel for Defendant.*

*/s/ Mary Lynn Tate*

*Kathleen McCauley, Esquire (VSB # 39028)*

*Stewart R. Pollock, Esquire (VSB # 92466)*

*MORAN REEVES & CONN PC*

*1211 E. Cary Street Richmond, Virginia 23219*

*Telephone: (804) 864-4832*

*Facsimile: (804) 421-6251*

*kmccauley@moranreevesconn.com*

*spollock@moranreevesconn.com*                *Counsel for Susan Doonan Blackwell, a/k/a Susan Doonan Bielski*