**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Abingdon Division**

KIRA FERGUSON, individually
and as Executrix of the ESTATE OF WILLIAM
S. FERGUSON, DECEASED, and SHANNON
FERGUSON, in her own right,

        Plaintiffs,                   Civil Action No. 1:23-cv-00032

v.

SUSAN DOONAN BLACKWELL,

        Defendant,

**DEFENDANT SUSAN DOONAN
BLACKWELL'S REPLY IN SUPPORT OF MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

**INTRODUCTION**

The Court should dismiss this case because it has neither general nor specific jurisdiction over Defendant Susan Blackwell ("Blackwell"), a New Hampshire resident. None of the arguments raised in Plaintiffs' Opposition Brief [ECF 34] are sufficient to meet Plaintiffs' burden of establishing by a preponderance of evidence that this Court has personal jurisdiction over Blackwell.

Plaintiffs' Opposition presents a moving target on the supposed bases for personal jurisdiction. Plaintiffs have now withdrawn their meritless argument that Blackwell's counsel waived any objection to jurisdiction. *See* ECF 34 at p. 2. Plaintiffs have added a new, equally deficient argument, predicating personal jurisdiction on the administration of a trust in Virginia. *Id.* While Plaintiffs purport to maintain three other previously raised arguments for jurisdiction,

Plaintiffs' Opposition Brief argues only one (tortious conduct in Virginia) and waives the other two (conducting business and owning property in Virginia).[1] *See* ECF 34 at p. 1.

Plaintiffs' reliance on Va. Code § 64.2-711, which provides for jurisdiction over claims relating to the administration of trusts, is misplaced. That statute does not apply here. This is not a case about a trust; it is a wrongful death claim that relies on an alleged violation of Virginia's anti-assisted suicide statute.

Likewise, Blackwell did not engage in any tortious activity in Virginia, much less activity that was intentionally directed at Virginia or so pervasive as to satisfy the purposeful availment and minimum contacts requirements. At most, Plaintiffs (falsely) allege that Blackwell verbally encouraged her stepfather to commit suicide. Virginia does not recognize a tort for encouraging suicide unless the defendant provides the physical means to commit suicide. Plaintiffs assertion in their Opposition Brief that Mr. Ferguson did not commit suicide is contradicted by every relevant document – including the autopsy report, the police report, and Plaintiffs' Amended Complaint.

Plaintiffs' kitchen-sink approach to identifying possible and ever changing bases for jurisdiction does not alter the unavoidable conclusion that this Court does not have personal jurisdiction over Defendant Blackwell.

## ARGUMENT

**I.     This Is Not a Case Involving a Trust.**

Plaintiffs assert for the first time that the Court has jurisdiction over Blackwell pursuant to Va. Code § 64.2-711. That statute provides that "the courts of the Commonwealth" have

---

[1] Blackwell has previously explained that both of these supposed bases for jurisdiction fail. Blackwell does not own any Property in Virginia and any indirect interest she does possess arose after the claims alleged in the Amended Complaint, such that the claims do not (and could not) arise out of her *de minimis* connections to Virginia. *See* Blackwell's Second Motion to Dismiss at pp. 2-3, 9, at 15 [ECF 32]; Blackwell's Reply in support of First Motion to Dismiss at pp. 2-3 [ECF 23].

jurisdiction over "the beneficiaries of a trust having its principal place of administration in the Commonwealth" with regard to "matter[s] involving the trust." *Id.* This argument fails at every level.

First, this is not a case about a trust. It is a case about wrongful death and, specifically, whether Blackwell caused her stepfather's death. There is a case about the administration of the probate estate already pending in Virginia state court captioned *Susan Doonan Bielski and Sandra B. Doonan v. Kira Ferguson, Executrix for the Estate of William Sandrel Ferguson*, Wythe County Circuit Court Civil Case No. CWF21-240-00 ("the Probate Matter"). This case purports to be about whether Blackwell is liable for tortiously causing her stepfather's suicide; questions about the administration of Mr. Ferguson's estate are reserved to the Probate Matter.

Regardless, Va. Code § 64.2-711 does not apply because this case (like the Probate Matter) involves a will, not a trust. Plaintiffs attempt to skirt this by arguing that in this context, "trust" includes "probate estate," citing Va. Code § 64.2-1632. That argument fails. The definition that Plaintiffs rely upon comes from the Uniform Power of Attorney Act. That Act – and therefore the statutory definitions cited by Plaintiffs – are not at issue here. Va. Code § 64.2-711 applies the definitions set forth in Virginia Code § 64.2-701 (which uses the normal definition of trust as distinct from a probate estate), not Va. Code § 64.2-1632 (which conflates trusts and probate estates).[2]

Accordingly, the Court does not have personal jurisdiction over Blackwell pursuant to Va. Code § 64.2-711.

---

[2] Although the Court need not reach the issue – because the statute cited by Plaintiffs does not apply – that statute only provides "<u>courts of the commonwealth</u>" with jurisdiction. It does not provide <u>federal courts</u> with jurisdiction. For good reason: probate is traditionally a function of state law.

## II. Blackwell Did Not Engage in Tortious Activity in Virginia.

Plaintiffs suggest that the Court has personal jurisdiction over Blackwell because she is criminally and civilly culpable for elder abuse. Notably, Plaintiffs did not assert any claim based on elder abuse in the First Amended Complaint. *See* ECF 31. The reason, of course, is that there is no basis for such a claim. In any event, Plaintiffs cannot use this unsupported and unpled claim as the basis for meeting their burden of proof on the question of jurisdiction.

Tacitly admitting that they cannot identify any tortious actions by Blackwell, Plaintiffs argue that tortious actions are unnecessary because an omission can give rise to a tort. In some instances, this is true. It is not true here. Plaintiffs rely upon the assisted suicide statute, Va. Code § 8.01-622.1(a); Am. Compl. ¶ 77. That statute requires Plaintiffs to plead (and later prove) that Blackwell provided the "physical means" or "participate[]d in a physical act by which another person commits or attempts to commit suicide" (such as providing the decedent with a fatal dose of medication). Words alone are insufficient, absent some affirmative action to provide the physical means of suicide.[3]

Plaintiffs attempt to get around this by arguing that Blackwell assumed a duty to care for her stepfather who was of unsound mind. There is no evidence Mr. Ferguson was of unsound mind. Plaintiffs have not provided any medical record showing that a doctor – someone actually qualified to make a conclusion about Mr. Ferguson's mental capacity – declared him of unsound mind. The evidence suggests that Mr. Ferguson was of sound mind and that Kira Ferguson believed him capable of making his own medical decisions. *See, e.g.,* Blackwell Ex. A. Text Messages at p. 3 ("he isn't ready to let go"), ("he wants to drive his new car and we all want him to drive it next

---

[3] Additionally, Plaintiffs' allegations are implausible and contradicted by Plaintiffs' own contemporaneous communications. No reasonable person would believe that Blackwell and Mr. Ferguson's morning spent spreading Dr. Doonan's ashes as they collectively mourned her death is somehow evidence of nefarious intent. Plaintiffs' claims are predicated on the Court drawing that unreasonable inference.

year"); ("he is ready and willing to have surgery"), p. 6 ("he still has so much life to live"). Plaintiffs must present evidence that Mr. Ferguson was of unsound mind before they can establish a duty. Absent a duty, Plaintiffs cannot plead a tort claim. Because Plaintiffs have not established that Blackwell owed Mr. Ferguson a duty of care, Plaintiffs have not met their burden of establishing personal jurisdiction.

But Plaintiffs also acknowledge that even if Blackwell had a duty, that duty only required her to act reasonably. It did not require her to become an insurer of her stepfather's safety. Here, Plaintiffs suggest Blackwell breached the duty by not taking away her stepfather's guns and committing him to a medical institution against his will. Blackwell was not obligated to do either.[4] Indeed, absent a medical determination about his mental capacity and a judicial determination that he was incompetent, Blackwell was prohibited from either taking away his guns (amounting to theft) or admitting him into medical institution against his will (which could be construed as kidnapping). Because the conduct Plaintiffs contend Blackwell was required to engage in is criminal, it is *per se* unreasonable to insist that these alleged omissions amount to a breach of an alleged duty Blackwell owed to Mr. Ferguson.

Finally, Plaintiffs still must show purposeful availment and minimum contacts. The pleadings and the evidence show that Blackwell came to Virginia for one extremely specific purpose: to transport her stepfather to Philadelphia to consult with a physician about a risky medical intervention. Blackwell did not come to Virginia to purposefully engage in any activity here. She came here for the purpose of taking her stepfather out of Virginia.

This singular trip is not sufficient to establish minimum contacts necessary for this Court to exert authority over a non-resident of Virginia. *See, e.g., Le Bleu Corp. v. Standard Capital*

---

[4] Notably, Plaintiffs also did not remove Mr. Ferguson's guns or have him committed to a medical institution, despite their apparent belief that these actions were necessary.

5

*Grp., Inc.*, 11 Fed. Appx. 377, 380-81 (4th Cir. 2001) (upholding the district courts finding that "some mail and telephone calls" between the parties, two visits to the forum state by defendant's employees, and the fact that payment on the contract was mailed from North Carolina, were insufficient to establish purposeful availment). If two visits by a corporate defendant are insufficient to establish "minimum contacts," it is unreasonable for the Court to conclude here that a single visit by an individual defendant has purposefully availed herself of this jurisdiction. Outside of the four-day visit with Mr. Ferguson, Blackwell does not have any meaningful contact with Virginia and never "expressly targeted" Virginia. *GMS Indus. Supply, Inc. v. G&S Supply, LLC*, No. 2:19cv324, 2019 U.S. Dist. LEXIS 225093, at *28 (E.D. Va. Nov. 14, 2019) (finding that the "mere fact that the [plaintiff] was injured [in Virginia] is an insufficient predicate for jurisdiction").

### III.     Mr. Ferguson Committed Suicide.

Plaintiffs assert that Mr. Ferguson did not commit suicide. *See* Plaintiffs' Opp. at p. 11. This is false. The Chief Medical Examiner performed an autopsy and determined that the cause of death was suicide. *See* Autopsy Report at p. 4, attached as Blackwell Ex. B. This is also confirmed by the police report. *See* Police Report at pp. 9-10, attached as Blackwell Ex. C. Plaintiffs themselves have admitted that Mr. Ferguson committed suicide. *See* Am. Compl. ¶ 10 ("Defendant stayed with Decedent William Ferguson in the family home in Virginia for four (4) days immediately **prior to his suicide**") (emphasis added).

While ultimately irrelevant to the matter of jurisdiction, the police report also contradicts Plaintiffs' averment that Blackwell did not call 911. *Cf.* Police Report at p. 6 ("at approximately 09:37 hours [], Wythe County Central Dispatch received a 9-1-1 call from Bielski, Sue") *with* Plaintiffs' Opp. at p. 10 ("[Blackwell] calls no one….The neighbor calls 911 then rushes to the house to try to stop Mr. Ferguson's bleeding"). Kira Ferguson's grief may prevent her from

6

acknowledging what was evident to the police and the medical examiner, but this Court should not allow Plaintiffs' counsel's creative pleading to deny the actual cause of Mr. Ferguson's death.

### IV. Plaintiffs Cannot Meet Their Burden of Proof

Plaintiffs admit that the "jurisdictional question raised is one for the judge, with the burden on the plaintiff *ultimately* to prove grounds for jurisdiction by a preponderance of the evidence" Opp at p. 6. However, Plaintiffs suggest that they do not need to be able to meet this burden at this stage. This is incorrect. Courts require plaintiff to establish jurisdiction by a preponderance of the evidence, "when the parties conduct jurisdictional discovery and are given the opportunity to present all relevant evidence and argument to the court regarding personal jurisdiction." *James v. Subaru of Am., Inc.*, 433 F. Supp. 3d 933, 938 (W.D. Va. 2020). Here, Plaintiffs have not requested the opportunity to conduct jurisdictional discovery because there is no need. Blackwell has presented the necessary evidence to show that there is no basis for personal jurisdiction; Plaintiffs have not presented any contradictory evidence, despite having the opportunity to do so. Therefore, "the plaintiff should be held to the higher preponderance-of-the-evidence standard[,]" not a *prima facie* standard. *Id.* Although, "[w]hichever standard is applied, [the Court's] conclusion [sh]ould be the same." *Id.*

### CONCLUSION

WHEREFORE, for the foregoing reasons, Blackwell respectfully requests this Honorable Court grant this motion to dismiss and dismiss the Amended Complaint against her with prejudice and grant such other and further relief as this Court deems just and proper.

**SUSAN DOONAN BLACKWELL**

By: /s/ Stewart R. Pollock (VSB # 92466)

Kathleen McCauley, Esquire (VSB # 39028)
Stewart R. Pollock, Esquire (VSB # 92466)
MORAN REEVES & CONN PC
1211 E. Cary Street
Richmond, Virginia 23219
Telephone: (804) 421-6250
Facsimile: (804) 421-6251
kmccauley@moranreevesconn.com
spollock@moranreevesconn.com
*Counsel for Susan Doonan Blackwell*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of May, 2024 a true and accurate copy of the foregoing *Reply in Support of Motion to Dismiss for Lack of Personal Jurisdiction* was filed electronically on the Western District of Virginia Document Filing System (CM/ECF), served by electronic mail (PDF attachment) and by U.S. mail, postage prepaid, to counsel for plaintiffs and served upon all other counsel of record via electronic mail (PDF attachment) as follows:

>Flux J. Neo, Esquire (VSB # 78873)
>Flux J. New Law Firm, PLLC
>P.O. Box 188
>Tazewell, Virginia 24651
>Telephone: (276) 988-7996
>Facsimile: (276) 644-2622
>Office@NewLaw1.com
>*Counsel for Plaintiff*
>
>Mary Lynn Tate, Esquire (VSB # 16085)
>Tate Law, P.C.
>P.O. Box 807
>211 West Main Street
>Abingdon, Virginia 24212
>Telephone: (276) 628-5185
>Facsimile: (276) 628-5045
>mltate@tatelaw.com
>*Counsel for Plaintiff*
>
>Gerard K. Schrom, Esquire (VSB # 39282)
>Schrom and Schaffer, P.C.
>4 West Front Street
>Media, Pennsylvania
>Telephone: (610) 565-5050
>Facsimile: (610) 565-2980
>gschrom@schromandshaffer.com
>*Pro Hac Vice Counsel*

>**SUSAN DOONAN BLACKWELL**
>
>By: /s/ Stewart R. Pollock (VSB # 92466)
>
>Kathleen McCauley, Esquire (VSB # 39028)
>Stewart R. Pollock, Esquire (VSB # 92466)

MORAN REEVES & CONN PC
1211 E. Cary Street
Richmond, Virginia 23219
Telephone: (804) 864-4832
Facsimile: (804) 421-6251
kmccauley@moranreevesconn.com
spollock@moranreevesconn.com
*Counsel for Susan Doonan Blackwell*