CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED
June 26, 2024
LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
   DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| KIRA FERGUSON, Individually and as Executrix of the Estate of Williams S. Ferguson, Deceased, ET AL., | ) ) ) ) |
| Plaintiffs, | ) Case No. 1:23CV00032 |
| v. | ) **OPINION AND ORDER** |
| SUSAN DOONAN BLACKWELL, | ) JUDGE JAMES P. JONES |
| Defendant. | ) |

*Mary L. Tate*, TATE LAW PC, Abingdon, Virginia, and *Gerard K. Schrom*, SCHROM, SHAFFER & BOTEL, P.C., Media, Pennsylvania, for Plaintiffs; *Kathleen M. McCauley* and *Stewart R. Pollock*, MORAN REEVES & CONN PC, Richmond, Virginia, for Defendant.

Plaintiffs Kira Ferguson and Shannon Ferguson bring this action against Susan Doonan Blackwell, blaming her for the suicide death of William S. Ferguson, their father. Blackwell has filed a Motion to Dismiss the Amended Complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). For the following reasons, I will deny the motion.[1]

---

[1] The defendant does not question the subject-matter jurisdiction of the court. The plaintiffs are citizens of Virginia, and the defendant is a citizen of New Hampshire. The Amended Complaint seeks damages in excess of $75,000. 28 U.S.C. § 1332(a).

# I. Background.

The plaintiffs are the natural daughters of the decedent, William S. Ferguson (William). On October 14, 2021, William died of suicide at his home in Wythe County, Virginia, located within this judicial district. The plaintiffs allege that William took his own life because of encouragement by Blackwell, who is William's stepdaughter.

The facts are alleged as follows. William was married to Joyce Doonan, Blackwell's biological mother, for approximately thirty years when she passed away unexpectedly on January 27, 2021. William struggled with depression as a result of his wife's death and his own health issues. On September 9, 2021, he was diagnosed by his family doctor with severe depression. The doctor prescribed an antidepressant and suggested that he be admitted to a psychiatric hospital. Four days later, on September 13, 2021, William suffered a stroke. William considered the possibility of surgery and made plans to visit Philadelphia with his daughter, Kira, for a procedure at the University of Pennsylvania. While William began feeling more optimistic, he still struggled with his mental and physical health.

On October 11, 2021, defendant Blackwell visited William unexpectedly in Virginia. The plaintiffs allege that Blackwell spent the next four days encouraging William to take his own life. On October 14, 2021, Blackwell took her mother's ashes and spread them by a tree that William and his wife used to sit under together.

The in-home camera system showed William crying in the kitchen for around an hour and a half before his suicide. The plaintiffs allege that Blackwell assisted William in the preparation of his suicide note and helped him spell out the word "arrangement." When Blackwell became aware that William intended to harm himself, she directed William not to shoot himself "*in the head . . . or . . . in the house*." Am. Compl. ¶ 52, ECF No. 31. William finalized his funeral arrangements and loaded his pistol. He and Blackwell went outside and sat in plastic chairs placed near the tree where his wife's ashes had been spread. Blackwell watched as William aimed the gun at his chest and pulled the trigger.

William did not die instantly. Instead of rendering aid, Blackwell went to a neighbor's house and called 911 at their insistence. The neighbor then arrived at William's house and applied a towel to stop the bleeding. When the police arrived, Blackwell informed them that William had planned to die by suicide. Blackwell did not inform Shannon or Kira of their father's death. She contacted the attorney who had prepared William's will multiple times to request a reading of the will, which took place the next day due to Blackwell's insistence.

Plaintiffs Shannon and Kira bring claims for wrongful death and unjust enrichment. They seek monetary damages and injunctive relief.

## II. Discussion.

The plaintiffs assert that there is personal jurisdiction over the defendant under Virginia's long arm statute, Va. Code Ann. § 8.01-328.1. Blackwell contends that the long arm statute does not provide a basis for personal jurisdiction and that exercising such jurisdiction would not comport with traditional notions of fair play and substantial justice. The Motion to Dismiss has been briefed and is ripe for decision. I do not find there are any factual issues requiring determination and that the motion can be decided based on the present record without a hearing. Fed. R. Civ. P. 78(b).

### A.

### Virginia's Long Arm Statute Confers Personal Jurisdiction.

"When personal jurisdiction is properly challenged under Rule 12(b)(2), . . . the burden [is] on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (citation omitted). "When, however, as here, a district court decides a pretrial personal jurisdiction motion without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction." *Id.* The court must "take all disputed facts and reasonable inferences in favor of the plaintiff." *Id.*

To establish personal jurisdiction over a nonresident defendant, I must decide whether the long arm statute permits the exercise of personal jurisdiction and whether the exercise of jurisdiction comports with the Fourteenth Amendment due process requirements. *Id.* As the statute extends personal jurisdiction to the extent permitted by due process, "the statutory inquiry necessarily merges with the constitutional inquiry, and the two inquiries essentially become one." *Young v. New Haven Advocate*, 315 F.3d 256, 261 (4th Cir. 2002) (quoting *Stover v. O'Connell Assocs., Inc.*, 84 F.3d 132, 135–36 (4th Cir. 1996)).

Under Virginia's long arm statute, the court may assert personal jurisdiction over a nonresident defendant for a cause of action arising from the defendant's "[c]ausing tortious injury by an act or omission in this Commonwealth." Va. Code Ann. § 8.01-328.1(A)(3). I find that the plaintiffs' Amended Complaint is sufficient to make a prima facie showing that the alleged wrongful act was committed in Virginia by the defendant.

While not alleged in the Amended Complaint, the plaintiffs also contend that Blackwell is subject to personal jurisdiction as this action arises from Blackwell's "[h]aving an interest in, using, or possessing real property in this Commonwealth." Va. Code Ann. § 8.01-328.1(A)(6). They allege that Blackwell has had an interest in William's Wythe County house at least since his death. In turn, Blackwell argues that William's will gives her an interest in the liquidated proceeds from the sale of

the property rather than an interest in the property itself. William's will directs his executor to sell the assets of Marie Sandrel L.L.C., under which most of William's real estate was held. Def.'s Mot. to Dismiss, Ex. B 1–2, ECF No. 32-2. The proceeds from these assets are to be divided among William's beneficiaries in the following percentages: 30% to Sandy Doonan, 30% to Susan Doonan, 20% to Shannon Ferguson, and 20% to Kira Ferguson.[2] The remainder of his estate, which includes real and personal property, is devised to his beneficiaries in the same percentages. It is unclear whether the Wythe County house would be sold as part of the assets of the LLC or passed down to one of William's four beneficiaries. However, even if Blackwell possesses an interest in the Wythe County house, she inherited it after the events giving rise to this cause of action. Furthermore, there is no indication that William's suicide and the actions taken by Blackwell arose from her property interest in the house. Accordingly, I find that Blackwell is not subject to personal jurisdiction on the basis of having an interest in, using, or possessing real property located in Virginia.

The plaintiffs also contend that Blackwell transacted business in Virginia by filing suit in Wythe County and seeking protections for interest in William's estate. Va. Code Ann. § 8.01-328.1(A)(1). The plaintiffs are correct that the "transacting business provision of the Virginia long arm statute is a single-act prerequisite." *Vill.*

---

[2] Susan Doonan refers to Susan Doonan Blackwell, the defendant in this suit.

*Lane Rentals, LLC v. Cap. Fin. Grp.*, 159 F. Supp. 2d 910, 915 (W.D. Va. 2001) (internal quotation marks omitted). "However, this principle does not imply that any single act within the state of Virginia is sufficient to establish jurisdiction under the 'transacting business' provision." *Id.* "Rather, it is intended only to emphasize that it is the quality, and not the quantity of the acts that determines whether the transaction of business has occurred." *Id.* Here, the defendant has not undertaken any activity in Virginia that would qualify. Blackwell has not made payments, solicited buyers, or negotiated as part of a business transaction. In addition, the cause of action does not arise from the activities the plaintiffs allege constitute transacting business.

Lastly, the plaintiffs rely on Va. Code Ann. § 64.2-711(B), which states that the trustee and beneficiaries of a trust having its principal place of administration in Virginia "submit[ ] personally to the jurisdiction of the courts of the Commonwealth regarding any matter involving the trust." As noted by the defendant, this case does not involve a trust.

B.

Personal Jurisdiction Over Blackwell
Does Not Violate Due Process.

A court may exercise jurisdiction over a nonresident defendant if the defendant had "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and

substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted). "The standard for determining whether this requirement is met depends on whether the plaintiff seeks to establish specific or general personal jurisdiction." *James v. Subaru of Am., Inc.*, 433 F. Supp. 3d 933, 939 (W.D. Va. 2020).

Courts in the Fourth Circuit apply a three-prong test to determine if due process authorizes specific personal jurisdiction over a defendant in the forum state: "(1) the extent to which the defendant purposefully avail[ed] itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *ALS Scan, Inc. v. Digit. Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002) (internal quotation marks omitted). Blackwell's contacts with Virginia must be enough for her to "reasonably anticipate being haled into court . . . on a claim arising out of those contacts." *Sneha Media & Ent., LLC v. Associated Broad. Co. P Ltd.*, 911 F.3d 192, 198 (4th Cir. 2018).

Based on the allegations of the Amended Complaint, I find that Blackwell purposefully availed herself of the privilege of conducting activities in Virginia by initiating contact with William by traveling to his home in Wythe County. The court is "entitled to accord special weight to the fact that [the defendant] initiated contact

with [William]." *Cook v. McQuate*, No. 7:15-CV-456, 2016 WL 5794232, at *5 (W.D. Va. Aug. 18, 2016) (quoting *CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 295 n.17 (4th Cir. 2012)). As to the second factor, the plaintiffs' claims arose because of Blackwell's activities directed at a Virginia citizen. This litigation results from "alleged injuries that arise out of or relate to" activities that Blackwell "purposefully directed" at a resident of the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985).

Lastly, I must also decide if the exercise of personal jurisdiction over Blackwell is constitutionally reasonable. "Importantly, if a defendant who satisfies the first two prongs of the due-process test seeks to defeat a court's jurisdiction over him, 'he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *NetTax, LLC v. Posso Pizza, Inc.*, No. 4:23-CV-00031, 2024 WL 260501, at *6 (W.D. Va. Jan. 24, 2024) (quoting *Burger King Corp.*, 471 U.S. at 477). This determination is based on the following five factors: (1) the burden on the defendant of litigating in the forum; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the shared interest of the states in obtaining efficient resolution of disputes; and (5) the interests of the states in furthering substantive social policies. *Lesnick ex rel. Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 945–946 (4th Cir. 1994). Blackwell states that she does not

have any meaningful contact with Virginia and notes that she would have to travel 850 miles from her home to participate in this litigation. She argues that the purpose of her visit to Virginia was to transport William out of the state for medical treatment, not to avail herself of the privilege of conducting activities within the Commonwealth.

I conclude that the exercise of jurisdiction is constitutionally reasonable. While Blackwell does have the burden of defending a case hundreds of miles from her home, the burden is not so great as to offend the notions of fair play and substantial justice. In addition, it is alleged that Blackwell is currently a party in a case in the Circuit Court of Wythe County. Travel to Virginia would not be "so gravely difficult and inconvenient" for Blackwell that she is unfairly at a "severe disadvantage" in comparison to the plaintiffs. *Burger King*, 471 U.S. at 478 (internal quotation marks and citations omitted). Additionally, Virginia has an interest in resolving tort actions in the forum in which they occur.

I find that the plaintiffs have made a prima facie showing that the defendant is subject to personal jurisdiction in this court.

II.   CONCLUSION.

For the foregoing reasons, the defendant's Motion to Dismiss, ECF No. 32, is DENIED. I make no finding on the legal sufficiency of the plaintiffs' claims. If the

defendant wishes to dispute whether the plaintiffs have stated an actionable claim, she may file a 12(b)(6) motion.

It is so **ORDERED**.

ENTER: June 26, 2024

/s/  JAMES P. JONES
Senior United States District Judge