# FILED UNDER SEAL

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
September 25, 2024
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
DEPUTY CLERK

Kira Ferguson, et al.

                Plaintiffs,

v.

Susan Blackwell

                Defendant.

Case No. 1:23-cv-00032

## RESPONSE TO MOTION TO SEAL AND MOTION TO STRIKE

Non-party Tara Adams, CPA, Administrator of the Estate of William S. Ferguson (the "Estate"), files this response to Plaintiffs' sealed motion filed on September 16, 2024 (Dkt. 52).[1]

Although Ms. Adams understands that the Court has granted Plaintiffs' motion in part, she files this response so the Court has a full record regarding the allegations leveled in Plaintiffs' motion against Ms. Adams and her counsel. Additionally, Ms. Adams wants to ensure the Court is aware that the appointment of Thomas Jackson as a second purported administrator of the Estate is void and has been recognized as such by the Wythe County Circuit Court Clerk's office. Therefore, for the reasons explained below, Ms. Adams remains the sole party with standing to maintain this lawsuit and has elected not to substitute in as the plaintiff.

    **I.    The Notice Revealed Nothing Inappropriate And Did Not Breach Any Confidentiality Agreement.**

Ms. Adams's Notice (Dkt. 49) was necessitated by Plaintiffs' mischaracterization of Ms. Adams's decision not to substitute in as the Plaintiff in this lawsuit and revealed nothing

---

[1] Contrary to Plaintiffs' motion, Ms. Adams's Notice was not filed *ex parte*. It was filed on the docket via the Court's CM/ECF filing system and sent to all counsel of record.

inappropriate. The email attached to the Notice, which summarized the investigation Ms. Adams conducted, does not disclose any confidential work product, contrary to Plaintiffs' contention. It simply lists the categories of evidence Ms. Adams reviewed in conducting an independent investigation into the legal and factual merits of this wrongful death case and whether she would substitute in as the plaintiff.[2]

Additionally, Plaintiffs' counsel's assertion that Ms. Adams or her counsel agreed to maintain confidentiality of any evidence they received is pure fantasy. *See* Dkt. 52 at 4. No such agreement was ever made. Nor would it have been, because as the Administrator of the Estate, the litigation file belonged (and belongs) to Ms. Adams. Plaintiffs' counsel filed this case in the name of the Estate when Kira Ferguson was executrix. *See* Dkt. 1.[3] The Estate was the client through Kira Ferguson then serving as Executrix (along with, inexplicably, two individuals with no standing to bring a wrongful death claim in their individual capacities). Therefore, upon being appointed Administrator, Ms. Adams requested the file, including any evidence Plaintiffs' counsel had obtained that they believed might support a wrongful death claim.

It took no fewer than seven requests for the file over the course of a month, and even then, Plaintiffs' counsel did not turn over all of the information requested, including the original engagement agreement and communications that Plaintiffs' counsel had with Ms. Adams's predecessor, Kira Ferguson, in her capacity as the former estate representative. In any event, as the personal representative of the Estate, Ms. Adams was entitled to the complete file that

---

[2] Ms. Adams could have gone much further in her explanation of reasons why she was not substituting in as the plaintiff in this case, including describing text messages that plaintiff Kira Ferguson has sent to potential witnesses to attempt to influence their testimony. But Ms. Adams does not believe such detail was necessary. She simply explained that she had made a reasoned decision following a detailed and independent investigation.

[3] Although Plaintiffs' counsel describe themselves as "the Ferguson sisters' counsel[,]" (Dkt. 52 at 4) they brought this suit on behalf of the Estate in the name of then-executrix Kira Ferguson, and are now adverse to the Estate in the exact same case.

Plaintiffs' counsel had previously compiled for the purpose this lawsuit. *See* Virginia LEO 1519 ("where no fees are owed, the client owns the complete contents of his file."); *see also* Va. R. Sup. Ct. 1.16(e) (describing items in a file to which a client is entitled upon termination or declination of representation). Ms. Adams was not obligated to keep any information confidential, because as the Administrator of the Estate, Ms. Adams (not Kira Ferguson or her counsel), controls decisions about how to properly administer the Estate. Accordingly, neither Ms. Adams nor her counsel ever suggested, much less agreed, to keep any information confidential.

Since learning of the sealed filing on the morning of September 16, Ms. Adams's counsel has asked Plaintiffs' counsel multiple times to send evidence of any so-called confidentiality agreement, and she has not done so. That is because no such agreement exists, contrary to what Plaintiffs' counsel told the Court and tried to hide from Ms. Adams and her counsel in her sealed filing.

**II. Ms. Adams, Not Mr. Jackson, Is The Sole Party With Standing To Maintain This Lawsuit, And Mr. Jackson's Purported Qualification As Another Administrator Is Void.**

Contrary to Plaintiffs' argument, Ms. Adams is the sole party with standing to pursue a wrongful death claim on behalf of the Estate. *See* Va. Code § 8.01-50(C) (every wrongful death action "shall be brought by and in the name of the personal representative of such deceased person."); *Johnson Memorial Hospital v. Bazemore*, 277 Va. 308, 312-313 2009 (holding that a complaint for wrongful death filed by an individual who was not the personal representative of the estate at time of filing "lacked legal standing to file the action" because "only the personal representative of a decedent's estate may bring an action for wrongful death[.]").

In their response to the motion to dismiss, Plaintiffs claim that attorney Thomas Jackson qualified as administrator for the sole purpose of bringing this wrongful death case, but his

3

appointment is void.  It is black letter law in Virginia that once a personal representative of an estate has been properly qualified and appointed, no other appointment can be made until there is a vacancy in the office. *Bartee v. Vitocruz*, 288 Va. 106, 112 (2014) ("Virginia jurisprudence provides that once the administrator or administrators of an intestate's estate have been properly qualified and appointed, another administrator may not be appointed unless there is a vacancy in the office."); *see also Bolling v. D'Amato*, 259 Va. 299, 303–04 (2000) (order appointing co-administrator was void "because, at the time the order was entered, the decedent already had a properly qualified administrator in Virginia[.]"); *see also Beavers v. Beavers*, 185 Va. 418, 423, 39 S.E.2d 288, 290 (1946) (once an administrator has been appointed and qualified, "the power of the court or clerk is exhausted, and no further appointment can be made until a vacancy occurs in the office in some way recognized by law.").

Without notice to Ms. Adams, Mr. Jackson and Ms. Tate made a visit to the deputy clerk of the Wythe County Court on or about September 5 and demanded she sign the certificate of qualification Plaintiffs have presented to this Court.  But Ms. Adams properly qualified and was appointed the personal representative of the Estate in April 2024, and she has not vacated such position.  Thus, the appointment of Mr. Jackson is void.  The Wythe County Circuit Court Clerk's Office has recognized this.  On Friday, September 20, the Clerk of that Court sent a letter to Plaintiffs' counsel and Mr. Jackson that makes clear Mr. Jackson's appointment was void.  *See* Exhibit A.  The letter reads:

> This letter is to inform you of the wrongful death qualification on the estate of William Ferguson. After reviewing, a deputy clerk or Clerk does not have the authority to qualify another administrator when an existing one has been appointed. In Bolling v. D'Amato, the court held that if the decedent already has a personal respresenative, the appointment of another is void. A vacancy in the office exists only when there is no existing qualified administrator. Based upon this ruling I can't sign the clerks order to be a record of this court because we have no standing or authority to qualify. The qualification letter you received is Void and a refund will be sent. If you disagree with my decision you may petition the Court.

Thus, Plaintiffs' *ex parte* efforts to have Mr. Jackson appointed have failed, as they should have. If Plaintiffs seek to have Mr. Jackson appointed, which has no basis in Virginia law, they will need to do so in open court in Wythe County in a proceeding in which Ms. Adams and any interested party may participate.

Finally, Plaintiffs' argument that Ms. Adams somehow was required to decline substituting in this action as the plaintiff because this case involved two beneficiaries suing another beneficiary is wrong. *See* Dkt. 52 at 3. This case was instituted against Susan Blackwell, a beneficiary of the Estate, by Kira Ferguson as Executrix of the Estate even though she was also a beneficiary. Under Plaintiffs' logic, then, the case never could have been brought by Ms. Ferguson as executrix due to a more acute conflict of interest.

Moreover, Plaintiffs had no issue with Ms. Adams conducting the investigation while asking the Court to stay the case for 30 days so that Ms. Adams, as Administrator of the Estate, could "complete due diligence to determine whether the Estate will proceed with this action[.]" Dkt. 42. They likewise had no issue when their counsel told the Court on August 26 that Ms. Adams needed "approximately 7 more days to complete due diligence to determine whether the Estate will proceed with this action." Dkt. 46. Further examples of Plaintiffs' acknowledgement of Ms. Adams's authority are numerous. In a letter to Kira Ferguson dated August 6 that was copied to Ms. Adams and her counsel, Plaintiffs' counsel Mr. Schrom told Ms. Ferguson that "Tara

5

Adams is a professional that has been approved by the Court to handle **ALL** issues in the administration of your late father's estate." (emphasis in original). And in a letter to Ms. Adams on August 3, Mr. Schrom answered some of Ms. Adams's questions and told her that "if you need additional information, I would be happy to supply you with that information if available." Plaintiffs therefore clearly recognized Ms. Adams's authority as Administrator.

It was only after Ms. Adams made a decision with which Plaintiffs disagreed that they now allege a conflict. But Plaintiffs cite no law, nor has Ms. Adams found any, that suggests that an estate representative is conflicted from pursuing a wrongful death claim simply because it involves one beneficiary suing another. And the fact that two of the beneficiaries are currently listed as plaintiffs in their individual capacity is meaningless here, as those individuals have no standing to maintain this suit. *See* Va. Code § 8.01-50(C).

For all the above reasons, Plaintiffs' motion is wrong on both the law and the facts. Ms. Adams is the sole party with standing to maintain this suit. The fact that the suit was brought prior to her appointment did not, and does not, in any way obligate her to maintain the suit and expend Estate funds on any aspect of it. After conducting an extensive investigation of the legal and factual merits of the suit, and consistent with the fiduciary duties she owes the Estate and all beneficiaries, she decided not to substitute in as the plaintiff to continue to pursue the lawsuit.

Although Ms. Adams could have filed a motion to substitute as the named plaintiff in this case and then voluntarily dismissed it, she did not do so because she believed that course of action would be costlier to the Estate and because declining to substitute would give the party beneficiaries the chance to discuss whether they wanted to settle with one another. Little did Ms. Adams know that Plaintiffs would engage in an *ex parte* campaign to have another administrator

appointed (whose appointment is plainly void), and then misrepresent Ms. Adams's actions on multiple occasions.

In short, like Plaintiffs' recent actions in the Wythe County Circuit Court Clerk's office, Plaintiffs' sealed motion is another attempt to circumvent clear Virginia law on the appointment of an estate representative and to take control of a wrongful death case they have no standing to maintain. Ms. Adams stands ready to discuss her position further at the hearing on October 9 or at any other time the Court wishes.

| | |
|---|---|
| Dated: September 23, 2024 | /s/ J. Benjamin Rottenborn <br> J. Benjamin Rottenborn (VSB # 84796) <br> ben.rottenborn@wrvblaw.com <br> WOODS ROGERS VANDEVENTER BLACK PLC <br> P.O. Box 14125 <br> Roanoke, VA 24038-4125 <br> Phone: (540) 983-7600 <br> Fax: (540) 983-7711 <br><br> *Counsel for Non-party Tara Adams, Administrator* |

## Certificate of Service

I certify that I have tendered this filing to the Clerk's office, with a copy to other parties, pursuant to Local Rule 9.

/s/ J. Benjamin Rottenborn