

# Clerk of the Circuit Court

Circuit Court Building - 225 South Fourth Street
Wytheville, VA 24382
Telephone: (276) 223-6050
Fax: (276) 223-6057

Jeremiah E. Musser, Clerk
Lori Kincer, Chief Deputy

CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

September 25, 2024

LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
DEPUTY CLERK

Ashley D. King, Deputy
Kim Caudle, Deputy
Mary Ellen King, Deputy
Brenda Quesenberry, Deputy
Teresa Lovelace, Deputy

9/20/2024
Tom Jackson
Mary L. Tate
Ref: Estate of William Ferguson

Mr. Jackson and Ms. Tate,

    This letter is to inform you of the wrongful death qualification on the estate of William Ferguson. After reviewing, a deputy clerk or Clerk does not have the authority to qualify another administrator when an existing one has been appointed. In Bolling v. D'Amato, the court held that if the decedent already has a personal respresenative, the appointment of another is void. A vacancy in the office exists only when there is no existing qualified administrator. Based upon this ruling I can't sign the clerks order to be a record of this court because we have no standing or authority to qualify. The qualification letter you received is Void and a refund will be sent. If you disagree with my decision you may petition the Court.

Sincerely,

*Jeremiah E. Musser*

Jeremiah E. Musser
Clerk

259 Va. 299
Supreme Court of Virginia.

Teddy Wayne BOLLING, Co–Administrator
of the Estate of Ted Guy Bolling, Deceased
v.
Luciano D'AMATO, M.D.

Record No. 990818.
|
March 3, 2000.

**Synopsis**
Medical malpractice action against physician was brought under Death by Wrongful Act statutes by "co-administrator" of patient's estate, who had been appointed for sole purpose of bringing that action on behalf of estate. The Circuit Court, Wise County, J. Robert Stump, J., granted physician's motion to abate. Co-administrator appealed. The Supreme Court, Compton, J., held that appointment of "co-administrator" was void.

Affirmed.

**Procedural Posture(s):** On Appeal.

West Headnotes (4)

[1]  **Judgment** ⟺ Jurisdiction of the Person and Subject-Matter

An order is void when it has been entered by a court that did not have jurisdiction over the subject matter.

[2]  **Courts** ⟺ Nature and Scope of Jurisdiction in General

A circuit court is a court of general jurisdiction regarding probate and the grant of administration of estates; such a court has jurisdiction regarding the whole subject matter and, even if it errs in taking jurisdiction in a particular case, the order generally is not void, but only voidable and cannot be questioned in any collateral proceeding. Code 1950, §§ 64.1–75, 64.1–116, 64.1–118.

1 Case that cites this headnote

[3]  **Executors and Administrators** ⟺ Second or Additional Appointment

If an intestate already has a personal representative in being when an order appointing another administrator is entered, such order is void; this is because there must be an office, and that office must be vacant, in order to have a valid appointment of a personal representative. Code 1950, § 64.1–131.

3 Cases that cite this headnote

[4]  **Executors and Administrators** ⟺ Second or Additional Appointment

Appointment of "co-administrator," for sole purpose of bringing medical malpractice action under Death by Wrongful Act statutes on behalf of patient's estate, was void; when order was entered, decedent already had properly qualified administrator. Code 1950, §§ 8.01–50, subd. B, 64.1–131.

8 Cases that cite this headnote

**Attorneys and Law Firms**

**257 *301 H. Patrick Cline (Frederick W. Adkins, Joseph F. Hunnicutt; Cline, Adkins & Cline; Adkins, Elkins & Hunnicutt, on brief), Norton, for appellant.

Mark E. Frye, Bristol (William W. Eskridge, Abingdon; Penn, Stuart & Eskridge, Bristol, on brief), for appellee.

*299 Present: CARRICO, C.J., COMPTON,[1] LACY, HASSELL, KEENAN, KOONTZ, and KINSER, JJ.

**Opinion**

COMPTON, Justice.

In this civil action brought under the Death by Wrongful Act statutes for alleged medical malpractice, the dispositive question is whether the appointment of a so-called "co-administrator," for purpose of bringing the action on behalf of the decedent's estate, was void.

On August 26, 1993, Ted Guy Bolling came under the care of appellee, Luciano D'Amato, M.D., in Wise County as the result of injuries allegedly received in a logging accident. Bolling died later that day.

On September 2, 1993, the clerk of the court below appointed Betty Chloe Bolling, the decedent's widow, as administrator of the intestate's estate. She duly qualified as the personal representative, giving bond in the penalty of $50,000.

On August 21, 1995, a judge of the trial court (not the judge who ultimately presided over the dispute that is the subject of this appeal) entered the order that is the focus of this controversy. The order, entered under **258 the style "Teddy Wayne Bolling, Petitioner, vs: In re: The Estate of Ted Guy Bolling, Deceased," provided:

> "This action came upon motion of Teddy Wayne Bolling to be appointed co-administrator for the exclusive purpose of bringing a legal action for the benefit of the estate.
>
> "By agreement of the parties, the Court does ORDER that Teddy Wayne Bolling is appointed co-administrator of the estate of Ted Guy Bolling for the *exclusive* purpose of bringing legal action on behalf of the estate.
>
> "In that this appointment is for an exclusive purpose, it is ORDERED that Betty Chloe Bolling retains the exclusive *302 authority to administer the estate of Ted Guy Bolling, and that this Order confers no power upon Teddy Wayne Bolling for the administration of the estate.
>
> "Should there be any administrator's fee associated with the prosecution of the anticipated legal action on behalf of the estate, said fee shall be divided equally between the co-administrators."

The order was endorsed "Requested" by an attorney for Teddy Wayne Bolling, the decedent's son, and "Seen" by an attorney for Betty Chloe Bolling.

On August 23, 1995, the present action was filed by appellant "Teddy Wayne Bolling, Co-Administrator of the Estate of Ted Guy Bolling" as plaintiff. The motion for judgment alleged the defendant breached the applicable standard in caring for the decedent and caused his death.

Responding, the defendant filed a motion to abate. *See* Code § 8.01–276 (abolishing pleas in abatement but allowing any defense heretofore permitted to be made by such plea, including lack of subject matter jurisdiction, to be made by written motion).

The motion assigned two grounds: (1) that plaintiff had "no right or standing to bring this action" because the order appointing the "co-administrator" was "contrary to Virginia law, null and void"; and (2) that, even if plaintiff was properly appointed as administrator of the estate, "plaintiff has no right or standing to bring this action without the other co-administrator joining in the action."

On March 6, 1996, the same judge who entered the August 21, 1995 order entered an order under the style "Betty Chloe Bolling, Plaintiff, vs. Teddy Wayne Bolling, Defendant." The order recited that Betty Chloe Bolling requested she be allowed to withdraw as administrator of the estate "in favor of appointing an independent administrator, namely Walter Rivers, as to fulfill the duties as the Administrator of the Estate of Ted Guy Bolling."

The order allowed the withdrawal and appointed Rivers "as the acting Administrator" of the estate. The order was endorsed "I ask for this" by Betty Bolling's attorney and as "Seen" by the attorney for Teddy Wayne Bolling and by Rivers individually.

On July 15, 1998, under the style of the wrongful death action, the plaintiff filed a motion "for leave to amend the pleadings to add as a party plaintiff Walter Rivers, co-administrator of the estate of Ted Guy Bolling."

*303 Following a hearing and argument of counsel on the motion to abate, the trial court granted the motion, abated the action, and dismissed it from the docket. The court did not rule on the motion to amend the pleadings. We awarded the plaintiff this appeal from the December 1998 final order.

On appeal, the plaintiff assigns two errors. He contends the trial court erred (1) by granting the motion to abate and by finding that he lacked standing to bring this action, and (2) by refusing to substitute Rivers as a party plaintiff. We do not reach the second contention because the trial court did not rule on that issue, and the plaintiff has not assigned error to the court's alleged inaction. Rule 5:17(c).

Regarding the first contention, we do not agree with the plaintiff that the trial court erred. The case turns upon the validity of the August 21, 1995 order, purportedly appointing

the decedent's son "co-administrator" for a limited purpose to serve with the decedent's widow, who, according to the order, retained "the exclusive authority to administer the estate." This was the state of the record when this action was filed on August 23, 1995, although the widow later **259 withdrew and Rivers was appointed "an independent administrator."

In other words, whether Teddy Wayne Bolling, as "co-administrator," had the authority and standing to prosecute the action on August 23 depends upon whether the order of August 21 was valid. We hold that it was void.

[1] An order is void when it has been entered by a court that did not have jurisdiction over the subject matter. *Evans v. Smyth–Wythe Airport Comm'n,* 255 Va. 69, 73, 495 S.E.2d 825, 828 (1998).

[2] A circuit court is a court of general jurisdiction regarding probate and the grant of administration of estates. *See, e.g.,* Code §§ 64.1–75, –116, and –118. Such a court has jurisdiction regarding the whole subject matter and, even if it errs in taking jurisdiction in a particular case, the order generally is not void, but only voidable and cannot be questioned in any collateral proceeding. *Andrews v. Avory,* 55 Va. (14 Gratt.) 229, 236 (1858).

[3] The foregoing rule has two exceptions, one of which controls this case. If an intestate already has "a personal representative in being" when the order appointing another administrator is entered, such order is void. *Id.* This is because "[t]here must be an office, and that office must be vacant, in order to [have] a valid appointment of a personal representative." Until the office is vacant, "there is in fact no 'subject matter,' to be within the jurisdiction of the court. That subject matter is[ ] the appointment of a personal representative to a *304 decedent who has none, and whose personal estate is therefore without an owner." *Id.* at 236–37.

This ancient and settled rule has been followed consistently in our case law. For example, in *Beavers v. Beavers,* 185 Va. 418, 423, 39 S.E.2d 288, 290 (1946), this Court held that when an administrator had been appointed and qualified, "the power of the court or clerk is exhausted, and no further appointment can be made until a vacancy occurs in the office in some way recognized by law." *See Rockwell v. Allman,* 211 Va. 560, 561, 179 S.E.2d 471, 472 (1971) (citing *Andrews* ).

The *Andrews* rule has not been altered by statute. We have found no statutory authority for the procedure employed in this case with regard to the August 21 order, and the plaintiff has referred us to none. Indeed, the rule is consistent with the provisions of Code § 64.1–131, which enumerates the circumstances when the court may allow another to qualify on an estate and plainly requires an incumbent administrator to resign before allowing "any other person to qualify as executor or administrator."

[4] Consequently, under the *Andrews* rule, the August 21 order is void because, at the time the order was entered, the decedent already had a properly qualified administrator in Virginia, Betty Chloe Bolling. Certainly, as the plaintiff argues, Virginia law allows joint administration of an estate. But that argument is irrelevant here. To obtain joint administration in this case, Betty Chloe Bolling's appointment should first have been revoked and then the son and widow could have been appointed as joint administrators. *See Lingle v. Cook's Adm'rs,* 73 Va. (32 Gratt.) 262, 265, 268 (1879).

Therefore, because the August 21 order is void, the plaintiff lacked standing to bring this wrongful death action for the reason that he was not the personal representative of the decedent's estate. Code § 8.01–50(B) (every wrongful death action "shall be brought by and in the name of the personal representative" of the deceased person). This means, of course, that the trial court properly granted the motion to abate, and the order dismissing the action will be affirmed.

Our decision today, however, shall be limited to the present case and shall operate prospectively only; this decision will not affect the validity of any orders entered in the past under circumstances similar to those underlying the order in issue here.

*Affirmed.*

**All Citations**

259 Va. 299, 526 S.E.2d 257

## Footnotes

1    Justice Compton participated in the hearing and decision of this case prior to the effective date of his retirement on February 2, 2000.

**End of Document**      © 2024 Thomson Reuters. No claim to original U.S. Government Works.