SEALED

FILED IN THE CLERK'S OFFICE
OF THE CIRCUIT COURT OF THE
WYTHE CIRCUIT COURT
DATE: 10/08/2024 @14:10:03

VIRGINIA: IN THE CIRCUIT COURT OF WYTHE COUNTY

IN RE: THE PROBATE ESTATE OF DECEDENT WILLIAM S. FERGUSON

JEREMIAH MUSSER, CLERK

TESTE: _____
CLERK/DEPUTY CLERK

**THOMAS M. JACKSON, JR, ESQUIRE**
as Administrator of the **ESTATE OF WILLIAM S. FERGUSON**, dec., for Sole Purpose Wrongful Death Action §8.01- 50; -
and-

**KIRA FERGUSON**

-and-

**SHANNON FERGUSON**

*Petitioners,*

v.

**JEREMIAH MUSSER,**
as CLERK OF CIRCUIT COURT

*Respondent.*

NO: CWF 24-188

## AMENDED PETITION FOR REVIEW SUBSTITUTION ADMINISTRATOR

and

## AMENDED MOTION FOR INJUNCTION PROTECT CONFIDENTIAL INFORMATION

Petitioners respectfully request that the Clerk's order declaring his appointment and qualification under §8.01-50 for the sole purpose of prosecuting the wrongful death action on September 5, 2024, for Thomas Jackson to be VOID, be reviewed and reversed or other appointments made under these unusual circumstances. Clerk's letter September 20, 2024 and Exhibit is attached hereto as Exhibit 1.

## MOTION TO SEAL

Petitioners request that this Petition be sealed permanently or at least until the final termination of the federal case, subject to the further order of the court due to the public disclosures made by Ms. Adams' counsel, Ben Rottenborn's email which are attached hereto as Exhibits 2, 3 and 4. These disclosures are currently under seal in the federal proceedings.

## BACKGROUND

1. The decedent William S. Ferguson died on October 14, 2021.

2. The decedent's biological daughter, Kira Ferguson qualified as executor of the Estate on November 8, 2021, before the Clerk of this Court.

3. On August 18, 2023, as executor of the estate Kira Ferguson filed a wrongful death action on behalf of herself and her biological sister Shannon Ferguson, the only heirs of the decedent, in the Circuit Court of Wythe County against her stepsister, Susan Blackwell, formerly Susan Bielski in connection with the decedent's death.

4. On the same day Blackwell and Doonan sought to remove Kira from the executor position to "expedite" accounting, closure and settlement of the Estate. Given the size and scope of the estate Counsel for Kira and Shannon Ferguson sought a qualified CPA willing to qualify for both the estate and the wrongful death action.

5. Also on September 19, 2023, Blackwell removed the wrongful death action to the United States District Court for the Western District of Virginia at Abingdon. The case is pending. (Kira Ferguson and Shannon Ferguson v Susan Doonan Blackwell, Case No. 1:23 cv 00032 JPJ-PMS).

6. Kira Ferguson, Shannon Ferguson, and their stepsisters, Susan Blackwell and Sandra Doonan are the only beneficiaries named in Mr. Ferguson's will.

7. On March 19, 2024, the beneficiaries of the will agreed to the appointment of a professional accountant to assume the roles Kira was exercising.

8. By agreed order the Court appointed Tara Adams on April 18, 2024. (CWF 21-240).

9. The parties expected Adams to assume both roles, handle the estates' property and act as named Plaintiff to proceed that the wrongful death action, then in federal court, else there would have been no agreement.

10. Without consultation with the Ferguson beneficiaries' counsel, Ms. Adams chose to engage estate counsel for the purpose of investigating "due diligence" prior to making her decision whether to act as administrator for the wrongful death case. Her counsel notified Kira and Shannon Ferguson's counsel of their engagement by phone on May 10, 2024.

11. Adams through her counsel, Mr. Rottenborn, demanded that counsel for Kira and Shannon Ferguson produce to them, not counsel's assessment of the evidence but all the evidence, all work product, files, evidence, video, etc. for Adams' counsel's review. Mr. Rottenborn demanded this evidence on threat of litigation. *See* Mr. Rottenborn's July 3, 2024, email attached hereto as Exhibit 2. In this email the reason given for the demand was the merits of the case and "whether it is worth continuing to pursue." Adams has no reason to be concerned about value or worth or costs of this case. It is solely between Kira and Shannon Ferguson and their counsel because the Estate gets nothing from a plaintiffs' verdict if awarded and spends nothing to prosecute the case.

12. On August 30, 2024, through her counsel plaintiffs' counsel was notified that: "Ms. Adams declines to substitute herself as Plaintiff in the above listed lawsuit..." The email then recited the scope and privileged details regarding her review of the evidence and plainly intimated there was no support the case. *See* Exhibit 3.

13. Adams and her counsel disclosed this same information about Plaintiffs' evidence to the public including Blackwell's counsel defending Plaintiffs federal case by filing it in the federal court case via the Pacer.gov online filing system. Judge Jones has since sealed that document on Plaintiffs' motion. *See* Exhibit. 4. This disclosure was intentional, unnecessary, unsolicited and a breach of the Administrator's fiduciary duty owed to Shannon and Kira Ferguson and the confidentiality of their attorney's work product and evidence.

14. Prior to Ms. Adams' decision the Federal Court had already denied Blackwell's motion to dismiss for lack of personal jurisdiction based on commission of a tort in Virginia under Virginia's long arm statute. We believe the Federal Court is the ultimate fact finder for this matter, not Ms. Adams.

15. Judge Jones held in order dated August 26, 2024:

> "Under Virginia's long arm statute, the court may assert personal jurisdiction over a nonresident defendant for a cause of action arising from the defendant's "[c]ausing tortious injury by an act or omission in this Commonwealth." Va. Code Ann. § 8.01-328.l(A)(3). ***I find that the plaintiffs' Amended Complaint is sufficient to make a prima facie showing that the alleged wrongful act was committed in Virginia by the defendant.***"

[ECF No. 36]. (***Emphasis added***)

16. Adam's engagement of special counsel at Estate expense to perform her own investigation, unnecessary and time intensive, along with the resulting decision by Ms. Adams and her improper disclosure of opinion and evidence is a breach of confidentiality, fiduciary duties and professional conduct. These actions have added significant friction to an already existing and seriously uncomfortable conflict of interest.

17. The personal representative owes fiduciary duties to the 4 beneficiaries of the Ferguson estate and has now refused to accept the already proceeding wrongful death action brought by 2 of the beneficiaries against one of the 4, a duty understood and expected by all at the time of the appointment. The wrongful death beneficiaries are entitled to the same fiduciary duties.

## DISCUSSION

Following the written decline "to prosecute" the case from Ms. Adams' Counsel, the Ferguson counsel believed it appropriate to seek the appointment of a neutral fiduciary for the sole purpose of bringing the wrongful death action. Thomas M. Jackson qualified for this purpose on September 5, 2024, under Va. Code§8.01.50. However, the Clerk of Court reconsidered and declared that appointment void by letter dated September 20, 2024.

Ms. Adams' apparent misunderstanding of the nature of a wrongful death action for the estate beneficiaries and the decedent's biological heirs or her personal view of evidence should not be permitted to substitute for or deny Kira and Shannon their day in court. Her qualification gives her no right to substitute her opinion for a judge or jury.

It is unclear why Ms. Adams would object to such appointment which does not affect her work for the estate under the statutes for which she qualified. Her consent or other order from the Court would eliminate any suggestion of preferential favor or assistance for a different beneficiary of the will of Mr. Ferguson.

The role of a representative who brings the wrongful death claim is relatively passive. Our Courts have described it this way:

> "in an action for wrongful death the personal representative of the deceased sues primarily as trustee for certain statutory beneficiaries and not for the general benefit of the decedent's estate"); Anderson v. Hygeia Hotel Co., 92 Va. 687, 692, 24 S.E. 269, 271 (1896) (noting that the personal representative in a wrongful death action proceeds "primarily and substantially as a trustee for [the statutory beneficiaries]"); Martin P. Burks, Common Law and Statutory Pleading and Practice § 67, at 134 (T. Munford Boyd ed., 4th ed.1952) (stating that the personal representative in a wrongful death suit "acts, not in his capacity as the general representative of the decedent's estate, but in a capacity more nearly analogous to that of a trustee for the statutory beneficiaries").

*In re Woodley*, 290 Va. 482, 488, 777 S.E.2d 560 (2015) **(Emphasis added)**

Our Supreme Court clearly notes the distinction of the two separate qualifications, duties and statutes. That Court explains as follows:

> "The fact that an administrator may be appointed solely for the purpose of bringing a wrongful death action is confirmed by a reading of Code § 26-12.2 [now §64.2-1301]. <u>This statute specifically exempts a personal representative who has qualified for the "sole purpose" of bringing a wrongful death claim from the inventory and settlement filing requirements applicable to the administration of an estate. Moreover, if the appointment of an administrator solely for purposes of bringing a wrongful death action, as referenced in Code §26-12.2, [now §64.2-1301]</u>

-5-

>  **were prohibited by implication in Code § 64.1-75.1, [now §64.2-454] the filing exceptions created by Code § 26-12.2 would be rendered meaningless.** We will not read this statute in a manner that would eliminate an entire provision crafted by the General Assembly." (Citations omitted.)

*Antisdel v. Ashby*, 279 Va. 42, 688 F.2d 163,167. (**Emphasis added**)

The fact that both plaintiffs and the defendant in the pending wrongful death case in federal court are among the 4 beneficiaries to whom Ms. Adam's owes a fiduciary duty creating a conflict of interest is also a basis for the Court's approval of Mr. Jackson's qualification for the sole purpose of bringing the wrongful death case.

In the current posture of the wrongful death case, next oral argument set for October 9, the absence of a personal representative(s) to prosecute the case will result in a dismissal of the case and leave the two heirs/plaintiffs with no option but to seek state and federal relief under both Constitutions for the right to access courts. And likely litigation for damages for the loss of this right.

Given the constraints regarding these appointments and the requirement to bring the action, we ask the Court to consider removing Ms. Adams entirely or allow for appointment for an administrator for the wrongful death action.

This Court has the power under Va Code §64.2-106 to qualify a personal representative under 8.01-50 and order that only that representative may bring the action. See Va Code §64.2-1410.

In addition, this "court is afforded considerable latitude when faced with the decision of whether to remove an executor. *Clark v. Grasty*, 210 Va. 33, 37, 168 S.E.2d 268 (1969)" citing *Galiotos v. Galiotos*, 300 Va. 1 (2021).

The circuit court may revoke and annul the particular powers of an executor for any cause, as long as the removal of an executor appears proper in the Court's discretion. Code § 64.2-1410(A).

"The critical inquiry is whether a fiduciary's removal is "in the best interest of the party whose interests are at issue." *Galiotos v. Galiotos*, 300 Va. 1, 858 S.E.2d 653,658 (Va. 2021) (citing Va. Code Ann.§ 64.2-1410 ["whenever from any cause it appears proper, the court may revoke and annul the powers of any such fiduciary."]).

In this case, the appointment of Mr. Jackson to bring the death claim, or the Administrator's removal or redirection is in the best interest of both the Plaintiffs as statutory beneficiaries and their legal claims for losses due to the wrongful death of William Ferguson.

Under Virginia law a variety of reasons may require removal and substitution that range from fraud to "friction" in individual relationships:

> "To that end, removal of an executor who is guilty of fraud, breach of trust, or gross negligence would surely benefit the estate. *See Id.* at 38, 168 S.E.2d 268. However, those are not the only justifications that would warrant removal of an executor. **We have previously indicated that "friction" between individuals can justify the removal of an executor when removal would achieve some beneficial end.** *Id.* at 37-38, 168 S.E.2d 268. Ultimately, the determination of whether the removal of an executor would be in the best interest of the estate is left to the broad discretion of the trial court."

*Galiotos v. Galiotos*, 300 Va. 1, 11 (2021) (**Emphasis added**)

There is no question that friction exists here along with fears of disloyalty among adverse family and legal issues. The decision not to pursue the death case breaches a clear and reasonable expectation of the Ferguson daughters. The public disclosure of case-related evidence and negative opinions is definitely a breach of trust.

In sorting out the apparent conflict of interest, we believe this Court has jurisdiction to replace the Administrator and direct the Clerk to qualify Mr. Jackson for this sole purpose. Doing so would further the ends of justice and give access to the courts which may otherwise be denied.

In the context of the Clerk's reliance on the *Bolling v. D'Amato* case, one can easily find that Ms. Adams' declination left vacant one of the roles contemplated by the parties when it entered the agreed order appointing Ms. Adams.

In addition, if we were to apply *Bolling v. D'Amato* that application would offend Virginia law by leading to an absurd result. The right to bring a wrongful death case would be forever tethered to the views and opinions of the person later qualifying as a personal representative. This rule ignores the rights of the decedent's heirs where there is a divergence of opinions makes Virginia code 8.01-50 and 454... hollow. This rule presently forever prohibits this wrongful death claim.

This quirk in Virginia probate law has the unintentional result of making one lay person the judge and jury of a wrongful death claim. It closes the door to state and federal courts for these surviving heirs. This drastic and unjust result requires the Court's broad discretion conferred by statute and Supreme Court precedent to insure these heirs get their day in court.

## INJUNCTION

Petitioners additionally move the Court for entry of an Order directing Ms. Adams and her counsel to refrain from any further disclosure of plaintiffs' evidence and their views, opinions or other comment regarding the evidence produced to them for the fiduciary's sole use in connection with her work for the beneficiaries/heirs of Mr. Ferguson. Doing so is within Ms. Adams' fiduciary duties to the Ferguson daughters.

## CONCLUSION

The petitioners seek the appointment of a personal representative to prosecute the pending federal action. They seek relief that will give them their day in court on the wrongful death claim without any further compromise of their position in that proceeding. They seek no harm to those involved in the handling of the estate.

**PETITIONERS BY COUNSEL**

Respectfully submitted,

_____
Mary Lynn Tate, Esq. (VSB # 16085)
**Tate Law PC**
P.O. Box 807
211 W. Main St.
Abingdon, VA 24212
Phone: (276) 628-5185
Fax: (276) 628-5045
Email: mltate@tatelaw.com

**Dated: October 7, 2024**

### Certificate of Service

I hereby certify that on this 8th day of October 2024, I caused and true and correct copy of the foregoing to be emailed to Tara Adams and Benjamin Rottenborn, Esquire.

_____
Mary Lynn Tate, Esq. (VSB # 16085)

## Clerk of the Circuit Court

Circuit Court Building - 225 South Fourth Street
Wytheville, VA 24382
Telephone: (276) 223-6050
Fax: (276) 223-6057

Jeremiah E. Musser, Clerk
Lori Kincer, Chief Deputy

Ashley D. King, Deputy
Kim Caudle, Deputy
Mary Ellen King, Deputy
Brenda Quesenberry, Deputy
Teresa Lovelace, Deputy


EXHIBIT 1

9/20/2024
Tom Jackson
Mary L. Tate
Ref: Estate of William Ferguson

Mr. Jackson and Ms. Tate,

    This letter is to inform you of the wrongful death qualification on the estate of William Ferguson. After reviewing, a deputy clerk or Clerk does not have the authority to qualify another administrator when an existing one has been appointed. In Bolling v. D'Amato, the court held that if the decedent already has a personal respresenative, the appointment of another is void. A vacancy in the office exists only when there is no existing qualified administrator. Based upon this ruling I can't sign the clerks order to be a record of this court because we have no standing or authority to qualify. The qualification letter you received is Void and a refund will be sent. If you disagree with my decision you may petition the Court.

Sincerely,

*Jeremiah Musser*

Jeremiah E. Musser
Clerk

**Ben Rottenborn** <ben.rottenborn@woodsrogers.com>
RE: Ferguson v. Blackwell
**To** Mary Lynn Tate  **Copy** gschrom@schromandshaffer.com, Michael E. Hastings, Zachary S. Agee, alinder

7/3/2024 10:08 AM

1 attachment   View   Download   Save to Drive

**EXHIBIT 2**

Mary Lynn and Gerard,

It has now been a month since my initial request for the file in the Ferguson v. Blackwell case, and we have not received a single thing. I understand there have been some health issues and we are sympathetic to those. But we need the information requested, and it shouldn't be that difficult to pull. To be clear: as estate administrator, Tara Adams is now your client in the wrongful death suit. She also happens to be the only person who, by statute, can maintain such a suit (we understand you represent Kira Ferguson individually as well, and that's your call, although we believe the statute is clear that she cannot maintain the suit in her individual capacity). We are making the file request on Tara's behalf so that we can assess the merits of the case and whether it is worth continuing to pursue. She has not made a decision in that regard yet. But to do so, she will need the full file as set forth below, including any engagement/fee agreements, communications with Kira in her former capacity as executor, any video footage, and any other evidence you have to support or refute the claims.

We would like to avoid litigation about this, but if we do not receive the file by next Wednesday, July 10, we will file a lawsuit to obtain the information and a motion to intervene and to stay in the wrongful death case. I think it is in everyone's best interest to avoid that, so please send the file to which our client, who is also currently your client, is entitled.

Thanks,

Ben

**From:** Ben Rottenborn
**Sent:** Wednesday, June 26, 2024 5:50 PM
**To:** Mary Lynn Tate <mltate@tatelaw.com>
**Cc:** gschrom@schromandshaffer.com; Michael E. Hastings <michael.hastings@woodsrogers.com>; Zachary S. Agee <zach.agee@woodsrogers.com>; alinder <alinder@tatelaw.com>
**Subject:** Re: Ferguson v. Blackwell

Thanks, Mary Lynn. That makes it all the more important that we get the file so we can discuss with our (and your) client.

Hope you are both feeling better.

9/25/24, 1:20 PM    Case 1:23-cv-00032-JPJ-PMS    Document 63-1    Filed 10/08/24    Page 12 of 13
Mail - m!tate Tate - Professional Email
Pageid#: 580

**Ben Rottenborn** <ben.rottenborn@woodsrogers.com>    8/30/2024 4:20 PM
Ferguson v. Blackwell
**To** gschrom@schromandshaffer.com, m!tate, Stewart Pollock, Kathleen McCauley **Copy** Justin Lugar, Michael E. Hastings

1 attachment    View    Download    Save to Drive

EXHIBIT 3

All,

On behalf of Tara Adams, Administrator of the Estate of William Ferguson, we wanted to update you in advance of the weekend. We appreciate your patience as Ms. Adams, in conjunction with this firm, conducted an independent investigation of the allegations in the existing amended complaint and considered the merits of taking over as the plaintiff in Case No. 23-cv-32 (W.D. Va.). This investigation included, but was not limited to, interviewing the key witnesses identified in the complaint and elsewhere in the investigation; reviewing the material sent by plaintiffs' counsel including the police report and autopsy report; obtaining and reviewing the remaining evidence at the Wythe County Sheriff's Office; reviewing extensive video evidence from cameras inside the Ferguson residence; and assessing the parties' legal arguments as expressed to us and Virginia law and statutes regarding the same.

Having conducted this investigation, Ms. Adams declines to substitute herself as Plaintiff in the above-listed lawsuit or consent to representation by plaintiffs' counsel in her role as Administrator. Because she has not made an appearance in the lawsuit, she does not plan to make a separate filing in the suit unless required or requested by the Court.

Please refrain from contacting Tara directly from now on. Any communication with her needs to be through us as her counsel.

Best,

Ben


Ben Rottenborn
Principal
Woods Rogers Vandeventer Black PLC

ben.rottenborn@woodsrogers.com
P (540) 983-7540 | F (540) 983-7711

10 S. Jefferson Street, Suite 1800
Roanoke, VA 24011

Ex. 4

On behalf of Tara Adams, Administrator of the Estate of William Ferguson, we wanted to update you in advance of the weekend. We appreciate your patience as Ms. Adams, in conjunction with this firm, conducted an independent investigation of the allegations in the existing amended complaint and considered the merits of taking over as the plaintiff in Case No. 23-cv-32 (W.D. Va.). *This investigation included, but was not limited to, interviewing the key witnesses identified in the complaint and elsewhere in the investigation; reviewing the material sent by plaintiffs' counsel including the police report and autopsy report; obtaining and reviewing the remaining evidence at the Wythe County Sheriff's Office; reviewing extensive video evidence from cameras inside the Ferguson residence; and assessing the parties' legal arguments as expressed to us and Virginia law and statutes regarding the same.*

*Having conducted this investigation, Ms. Adams declines* to substitute herself as Plaintiff in the above-listed lawsuit or consent to representation by plaintiffs' counsel in her role as Administrator. (Emphasis added.)

And "she made an informed decision based on the facts available to her."

The NOTICE discloses confidential work product and evidence of the Plaintiff's counsel shared on condition of confidentiality.

2