IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

KIRA FERGUSON, individually and as
Executrix of the ESTATE OF WILLIAM S.
FERGUSON, DECEASED, and SHANNON
FERGUSON, in her own right,

               Plaintiffs,

   v.

SUSAN DOONAN BLACKWELL

               Defendant.

Case No. 1:23-cv-00032-JPJ-PMS

**DEFENDANT SUSAN DOONAN BLACKWELL'S**
**OPPOSITION TO PLAINTIFFS' MOTION FOR SUBSTITUTION OF PARTY**

Defendant Susan Doonan Blackwell ("Blackwell"), by counsel, submits the following

Response in Opposition to the Motion for Substitution of Party submitted by Plaintiffs Kira

Ferguson and Shannon Ferguson ("Plaintiffs").

**INTRODUCTION**

The Court should deny Plaintiffs' Motion to Substitute because the order appointing

Thomas M. Jackson, Jr., ("Mr. Jackson") as the Co-Administrator of the Estate of William S.

Ferguson (the "Estate") is procedurally defective rendering the appointment invalid. As a result

of those defects, Mr. Jackson lacks authority to represent the Estate and cannot substitute in as the

representative of the Estate. Tara Adams remains the sole Administrator with authority to act on

behalf of the Estate and, to the extent the Court grants Plaintiffs' request for substitution, the only

proper party would be Ms. Adams.

On April 3, 2025, Wythe County Circuit Court entered an Order appointing Mr. Jackson as the Co-Administrator of Mr. Ferguson's Estate. That Order is invalid because, at the time it was entered, Ms. Adams had already been appointed as the Administrator, completely filling that role. Under Virginia law, where a competent administrator has already been appointed, a Court may not appoint a subsequent administrator in the absence of removal or resignation of the original fiduciary. Here, there was no vacancy because Ms. Adams was already occupying the entirety of the administrator role. The Wythe County Circuit Court did not remove Ms. Adams (and there would be no legitimate basis to do so) and therefore the order appointing Mr. Jackson as Co-Administrator was procedurally defective.

Accordingly, Mr. Jackson does not have authority to represent Mr. Ferguson's Estate and cannot be substituted in as the Plaintiff in this matter. What is clear, however, is that Kira Ferguson does not represent the Estate (as she was removed from that role in April 2024 when Ms. Adams was appointed) and lacks standing to bring claims on behalf of the Estate. The sole party with standing to bring claims on behalf of the Estate is Ms. Adams. Until Ms. Adams is substituted in as the Plaintiff, there is no party with standing to assert claims on behalf of the Estate.

The Court should therefore deny Plaintiff's Motion to Substitute, dismiss Plaintiff's claims for lack of standing, or, in the alternative, Order that Ms. Adams be substituted in as the proper Plaintiff.

## **BACKGROUND**

This wrongful death case arises out of Mr. Ferguson's death by suicide on October 14, 2021. Following Mr. Ferguson's death, Kira Ferguson was appointed at the executrix of the Estate. She was subsequently removed from that role on April 18, 2024. Through an agreed order, Ms. Adams assumed the role of the Estate's administrator on April 18, 2024. As a result of that order,

2

Ms. Adams had – and has – the sole authority to act on behalf of the Estate, including decisions about whether to prosecute wrongful death claims belonging to the Estate.

Ms. Adams has never been removed from her role as Administrator.  On September 12, 2024, Ms. Adams filed a notice in this Court acknowledging her intent to continue serving as administrator of the Estate.  (ECF 49.)  Counsel for Kira Ferguson then sought to have Mr. Jackson appointed as the administrator. (ECF 50-1.)  In response, Ms. Adams filed a notice in Wythe County Circuit Court which stated that Mr. Jackson's qualification had been improperly obtained and was therefore invalid. (ECF 59.)  On September 20, 2024, the Wythe County Circuit Court Clerk recognized this fact and instructed Plaintiffs that the appointment of Mr. Jackson was void according to Virginia law.

On October 8, 2024, Plaintiffs filed an Amended Petition for Review Substitution Administrator with the Wythe County Circuit Court (the "Amended Petition") asking the Court to recognize Mr. Jackson as a qualified administrator for the sole purpose of bringing a wrongful death action against Blackwell.  On April 3, 2025, the Wythe County Circuit Court granted Plaintiffs' petition in an order that purported to appoint Mr. Jackson and Ms. Adams as Co-Administrators.  As set forth below, that Order is procedurally defective, and Mr. Jackson's appointment therefore legally invalid.

## **ARGUMENT**

The Court should deny Plaintiffs' Motion for Substitution of Party.  Under Fed. R. Civ. P. 25(a)(1) substitution must be of a *proper party* — not merely a person who claims interest in the estate.  A proper party, as contemplated by the Rule, is a successor or representative of the deceased party who is "empowered to assert any legal claims of the decedent not extinguished by death, or to defend the estate against others' claims." *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th

Cir. 1985).  Because Mr. Jackson lacks lawful authority, as an improperly appointed administrator, under Virginia law, he is not "empowered" as a proper party within the meaning of Rule 25(a). Moreover, substitution is not mandatory.  "The decision whether to substitute parties lies within the discretion of the trial judge and he may refuse to substitute parties in an action even if one of the parties so moves." *Froning's, Inc. v. Johnston Feed Serv., Inc.,* 568 F.2d 108, 110 n.4 (8th Cir. 1978).  Courts retain discretion under Rule 25 and may deny substitution especially if the substituted party's authority is contested or improperly obtained as is the case here.

Furthermore, Virginia law is clear that once an administrator has been lawfully appointed and qualified, the court cannot appoint an additional administrator unless there is a vacancy in the office.  *See Bolling v. D'Amato*, 259 Va. 299 (2000) (stating "[t]his ancient and settled rule has been followed consistently in our case law."); *Bartee v. Vitocruz*, 288 Va. 106 (2014). The court in *Bolling* clarified that:

> If an intestate already has "a personal representative in being" when the order appointing another administrator is entered, such order is **void**. *Id.* This is because "there must be an office, and that office must be vacant, in order to [have] a valid appointment of a personal representative." Until the office is vacant, "there is in fact no 'subject matter,' to be within the jurisdiction of the court. That subject matter is[] the appointment of a personal representative to a decedent who has none, and whose personal estate is therefore without an owner."

259 Va. at 304-05 (quoting *Andrews v. Avory*, 55 Va. (14 Gratt.) 229, 236-37 (1858) (emphasis added).  Similarly, the Virginia Supreme Court in *Beavers v. Beavers*, held that when an administrator had been appointed and qualified, "the power of the court or clerk is exhausted, and no further appointment can be made until a vacancy occurs in the office in some way recognized by law." 185 Va. 418, 423 (1946).  The court in *Bolling* emphasized that this rule is consistent with the provisions of Virginia Code § 64.1-131, "which enumerates the circumstances when the court may allow another to qualify on an estate and plainly requires an incumbent administrator to resign

4

before allowing 'any other person to qualify as executor or administrator.'" 259 Va. at 304. Additionally, the issue here is not that the Estate has joint administrators. Certainly, Virginia law permits joint administration of an estate. *Id.* However, to obtain joint administration, the appointment of the original administrator should be revoked prior to the appointment of joint administrators. *Id.*

Here, the appropriate procedure would have been to petition for removal of the existing administrator, Ms. Adams, under Va. Code § 64.2-1410 for cause — not to appoint a co-administrator to serve alongside Ms. Adams. Despite explicit case law stating otherwise, the Wythe County Circuit Court's order, dated April 3, 2025, improperly allows parallel administration without a demonstrated legal basis for removing or disqualifying the original fiduciary. Because Ms. Adams was not removed from her role as administrator, the Wythe County Circuit Court could not appoint co-administrators. As such, Mr. Jackson cannot be substituted in as a party because there is no valid order appointing him to represent the Estate.

Setting aside the timing, there is no basis for the Wythe County Circuit Court to remove Ms. Adams from her role as Administrator. No court has found that Ms. Adams was unfit, incompetent, or failed her duties in any way. Nor are there any facts that would support such a finding. Ms. Adams *has not* been removed from her role as Administrator and *should not* be removed from that role. Because the role of administrator is completely filled by Ms. Adams and was completely filled at the time that Mr. Jackson was purportedly appointed to act as co-administrator, that Order is invalid.

As a result, Mr. Jackson lacks standing to assert claims on behalf of the Estate and the Motion to Substitute should be denied. The sole party with authority to act on behalf of the Estate is Ms. Adams. The Court should either substitute in Ms. Adams as the representative of the Estate

5

or dismiss the Estate's claims for lack of standing as it is abundantly clear that under Virginia law,

neither Kira Ferguson nor Mr. Jackson have a valid order appointing them to represent the interests

of the Estate.

## CONCLUSION

The appointment of Mr. Jackson as Co-Administrator was improper under Virginia law,

and the substitution of Mr. Jackson as a party into this wrongful death action is an inappropriate

application of Virginia law.

WHEREFORE, for the foregoing reasons, Susan Doonan Blackwell respectfully requests

this Honorable Court deny Plaintiffs' Motion for Substitution of Party and grant such other and

further relief as this Court deems just and proper.

Dated: April 17, 2025

**SUSAN DOONAN BLACKWELL**

By: /s/ Stewart R. Pollock (VSB # 92466)
　　Kathleen M. McCauley, Esquire (VSB # 39028)
　　Stewart R. Pollock (VSB # 92466)
　　MORAN REEVES & CONN, PC
　　1211 E. Cary Street
　　Richmond, Virginia 23219
　　Telephone: (804) 421-6250
　　Facsimile: (804) 421-6251
　　kmccauley@moranreevesconn.com
　　spollock@moranreevesconn.com
　　*Counsel for Susan Doonan Blackwell*

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of April, 2025, a true and accurate copy of the foregoing *Opposition to Plaintiffs' Motion for Substitution of Party* was filed electronically on the Western District of Virginia Document Filing System (CM/ECF), served by electronic mail (PDF attachment) and by U.S. mail, postage prepaid, to counsel for Plaintiffs and served upon all other counsel of record via electronic mail (PDF attachment) as follows:

J. Benjamin Rottenborn (VSB # 84796)
Woods Rogers Vandeventer Black PLC
P.O. Box 14125
Roanoke, VA 24038-4125
Phone: (540) 983-7600
Fax: (540) 983-7711
ben.rottenborn@wrvblaw.com
*Counsel for Non-party Tara Adams,
Administrator*

Ms. Mary Lynn Tate, Esq.
P.O. Box 807
211 West Main St.
Abingdon, VA 24212
mltate@tatelaw.com
*Counsel for Plaintiffs*

Alejandro E. Gomez, Esq.
A.E. Gomez, PC
430 West Main Street
Wytheville, VA 24382
Telephone: 276.365.8080
Fax: 276.228.0687
alex@aegomezpc.com
*Counsel for Susan Doonan Blackwell and
Sandra B. Doonan*

Mr. Thomas M. Jackson, Jr.
327 East Monroe St.
P.O. Box 845
Wytheville, VA 24382
tom.jackson@tomjacksonlaw.com
*Co-Administrator*

/s/ Stewart R. Pollock (VSB # 92466)

7