IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
July 17, 2025
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
        DEPUTY CLERK

| | |
|---|---|
| KIRA FERGUSON, Individually and as Executrix of the Estate of William S. Ferguson, Deceased, et al., | |
| Plaintiffs, | Case No. 1:23CV00032 |
| v. | **OPINION AND ORDER** |
| | JUDGE JAMES P. JONES |
| SUSAN DOONAN BLACKWELL, | |
| Defendant. | |

*Mary Lynn Tate*, TATE LAW PC, Abingdon, Virginia, *for Thomas M. Jackson, Jr., Co-administrator of the Estate of William S. Ferguson, Deceased*; *Stewart R. Pollock*, MORAN REEVES & CONN, PC, Richmond, Virginia, *for Defendant*.

In this wrongful death case based on diversity jurisdiction, it is claimed that the defendant breached a duty of care by encouraging the decedent to commit suicide, which he did. The administrator of the decedent's estate has declined to pursue such a case and certain beneficiaries of the estate obtained a state court order appointing a co-administrator to prosecute the case, with the earlier-appointed administrator left to handle the other normal duties of the office.

The new co-administrator now moves to substitute himself as the plaintiff in this action, based on the state court's order. The defendant objects, arguing that the addition of a second administrator violates settled Virginia law, despite the order of

the state court, and thus the new co-administrator lacks the authority under the federal rules to serve as the real party in interest. Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest."). For the following reasons I will deny the substitution.

## I.  Background.

This wrongful death case arises out of William S. Ferguson's death by suicide on October 14, 2021. Following Mr. Ferguson's death, his daughter and beneficiary under his will, Kira Ferguson, qualified as executrix of the estate. This action was filed in state court on August 16, 2023, by the executrix and two of the beneficiaries of the estate.[1] Thereafter, on September 19, 2023, the case was removed to this Court.

On April 18, 2023, by order of the Circuit Court of Wythe County, Virginia, plaintiff Kira Ferguson was removed as executrix and Tara Adams was appointed the estate's administrator. Adams, with separate counsel, decided that she did not want to prosecute this case. Notice by Adams, ECF No. 49.

Kira Ferguson then sought to have Thomas M. Jackson Jr., a local attorney, appointed as a co-administrator of the estate for the sole purpose of prosecuting this

---

[1] Kira Ferguson and Shannon Ferguson are natural daughters of the decedent, Mr. Ferguson. The defendant, Susan Doonan Blackwell, formerly Susan Doonan Bielski, is a stepdaughter. It is alleged that Mr. Ferguson's Last Will and Testament left 30% of the estate to Ms. Blackwell, and 20% each to Kira and Shannon. Notice of Removal, Compl. ¶ 21, ECF No. 1-1. The estate is claimed to be worth $2 million. *Id.* ¶ 17.

case. The Wythe County Circuit Court Clerk approved Jackson's appointment on September 5, 2024, but on September 25, 2024, reversing course, the Clerk advised counsel that the appointment of Jackson was void under Virginia law because an administrator had already been appointed, citing *Bolling v. D'Amato*, 526 S.E.2d 257, 259 (Va. 2000).  Musser Letter, ECF No. 59.  Jackson appealed to the Circuit Judge, asking the court to appoint Jackson as co-administrator for the sole purpose of bringing a wrongful death action against the defendant.  By order dated April 3, 2025, the Circuit Judge granted the request over objection by administrator Adams and defendant Blackwell.[2]

Plaintiffs then filed the present motion in this Court to substitute Jackson as plaintiff for the purpose of prosecuting this case.  Defendant Blackwell opposes the motion, contending that Jackson's appointment as an administrator was contrary to Virginia law because Adams had already been appointed as the administrator of the estate.

II.  ANALYSIS.

In diversity cases, the federal court "functions as a proxy for the entire state court system, and therefore must apply the substantive law that it conscientiously

---

[2] Plaintiffs' counsel has provided the Court with a copy of the judge's letter opinion and order, which will be placed on the docket of this case.  No legal or factual authority was cited by the judge for his decision other than that the beneficiaries have "conflicting interests as to the civil tort lawsuit." Letter Op. 2.

believes would be applied by that system in a comparable case." 19 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4507 (3d ed. 2016). The federal court must determine issues of state law "as it believes the highest court of the state would presently determine them, not necessarily . . . as they previously have been decided by other state courts." *Id.* Thus, I will apply Virginia law as declared by the Supreme Court of Virginia to determining whether Jackson can be substituted as the plaintiff in this case under the applicable federal procedural rule.

A. Jackson's Appointment as Co-Administrator.

Virginia precedent is clear on the matter. While Virginia law allows for the joint administration of an estate, meaning that co-administrators may be appointed to carry out the duties and responsibilities of the office, once an administrator has been appointed and qualified, a co-administrator may not be appointed, even to prosecute a wrongful death action. *Bolling,* 526 S.E.2d at 259.

When an administrator has been appointed and qualified, "the power of the court or clerk is exhausted, and no further appointment can be made until a vacancy occurs in the office in some way recognized by law." *Id.* (quoting *Beavers v. Beavers*, 39 S.E.2d 288, 290 (Va. 1946)). "This ancient and settled rule" is consistent with the provisions of Va. Code Ann. § 64.1-131 [now § 64.2-610], "which enumerates the circumstances when the court may allow another to qualify

on an estate and plainly requires an incumbent administrator to resign before allowing 'any other person to qualify as executor or administrator.'" *Bolling*, 526 S.E.2d at 259.

In *Bolling*, the Supreme Court of Virginia considered whether the appointment of a co-administrator for the sole purpose of bringing a wrongful death action on behalf of the decedent's estate was valid. *Id.* at 257. The clerk of the lower court had appointed Betty Chloe Bolling, the decedent's widow, as administrator of the intestate's estate. *Id.* Nearly two years later, a trial court judge entered an order appointing Teddy Bolling, the decedent's son, as co-administrator "for the exclusive purpose of bringing a legal action for the benefit of the estate." *Id.* at 258.

The Supreme Court of Virginia held that the order was void, because once an administrator has been lawfully appointed and qualified, an additional administrator cannot be appointed unless there is a vacancy in the office. *Id.* at 259. Further, although Virginia law allows for the joint administration of an estate, the Supreme Court clarified that the co-administrator appointment was still invalid because "[t]o obtain joint administration . . . Betty Chloe Bolling's appointment should first have been revoked and then the son and widow could have been appointed as joint administrators." *Id.*

Here, Adams assumed the role of the estate's administrator on April 18, 2024, and was serving as the sole administrator of the estate on April 3, 2025, when the

state court appointed Jackson as co-administrator of the estate. Because Virginia law plainly requires an incumbent administrator to resign before allowing "any other person to qualify as executor or administrator," the appointment is contrary to binding law. Va. Code Ann. § 64.2-610.

The issue with the Circuit Judge's order is not that it appoints Jackson as an administrator for the sole purpose of prosecuting the wrongful death claim — certainly Virginia law allows for that in limited situations. The problem is that such an appointment may only be made if "an executor or administrator of the estate has not been appointed." Va. Code. Ann. § 64.2-454. Because Adams had already been appointed as the administrator of the estate when Jackson was appointed, Jackson's appointment violates Virginia law as applied by the Supreme Court of Virginia and is therefore invalid.

B.  Effect on the Plaintiff's Capacity to Sue.

"The capacity of a party suing or defending a state law claim on behalf of another is governed by 'the law of the state where the court is located.'" 4 Moore's Federal Practice – Civil § 17.22 (quoting Fed. R. Civ. P. 17(b)); *see also Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 609 (4th Cir. 1980) ("North Carolina law determines the capacity of a party to bring a diversity action for wrongful death under state law in the federal courts of North Carolina."). Accordingly, I must look

to the law of Virginia — the state where this court is located — to determine Jackson's capacity to bring this suit.

Under Virginia law, only the "personal representative" of the decedent may bring a wrongful death action on behalf of the decedent's estate. Va. Code. Ann. § 8.01-50(C). A personal representative includes "the executor of a will or the administrator of the estate of a decedent." Va. Code. Ann. § 1-234. An "executor" is the person named in the decedent's will to administer the estate. *Ennis v. Poe*, 661 F. Supp. 3d 554, 560 (W.D. Va. 2023) (citing *Hofheimer v. Seaboard Citizens' Nat'l Bank of Norfolk*, 156 S.E. 581, 582 (Va. 1931)). An "administrator" is the person appointed by the clerk to administer the decedent's estate in the absence of an executor, such as when the decedent dies intestate or has a will that does not name an executor. *Id*.

Because Jackson cannot be appointed as a co-administrator of the estate, he is not a personal representative authorized to bring a wrongful death action on behalf of the estate. Kira Ferguson was removed from her role as executrix of the estate on April 18, 2024. Through an agreed order, Adams assumed the role of the estate's administrator on April 18, 2024. Thus, Adams is the only person with the legal capacity to bring this wrongful death action on behalf of the decedent's estate.[3]

---

[3] Adams has not requested that she be substituted as plaintiff in this case.

− 7 −

Federal Rule of Civil Procedure 17(a)(1) requires that an action be prosecuted "in the name of the real party in interest." The real party in interest is the person "who, according to the governing substantive law, is entitled to enforce the right" in question. 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1543 (3d ed. 2010). Jackson is not the real party in interest and may not be a plaintiff in this case.[4]

### III.   CONCLUSION.

Jackson lacks the capacity to sue on behalf of the Ferguson estate and may not be substituted as plaintiff for the purpose of prosecuting this case. As such, the Motion for Substitution of Party, ECF No. 67, is DENIED.

It is so **ORDERED**.

ENTER: July 17, 2025

/s/  JAMES P. JONES
Senior United States District Judge

---

[4] While not discussed by the parties, the *Rooker-Feldman* doctrine is a jurisdictional doctrine that prohibits lower federal courts from serving as appellate venues for state court rulings. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). However, the Fourth Circuit has held that the doctrine is only applicable where the plaintiff, after losing in state court, seeks "redress for an injury allegedly caused by the state court's decision itself." *Davani v. Va. Dept. of Transp.*, 434 F.3d 712, 718 (4th Cir. 2006). The *Rooker-Feldman* doctrine does not provide a jurisdictional bar to this court's consideration of the state court order appointing Jackson as co-administrator of the Ferguson estate, because this case is not a claim brought by a state court loser alleging injuries caused by the order. I am not vacating the state court's order but simply applying governing Virginia probate law to federal procedure.