IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

ABINGDON DIVISION

CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
11/3/2025
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
DEPUTY CLERK

KIRA FERGUSON, Individually )

and as Executrix of the Estate of )

William S. Ferguson, Deceased, )

       Plaintiffs, ) Case No. 1:23CV00032

        )

SUSAN DOONAN BLACKWELL, )

       Defendant. )

Plaintiffs' Response to the Court's Order to Show Cause

Plaintiffs, by counsel, file this response to the Court's Show Cause order entered in this matter on October 20, 2025. Plaintiffs submit that this pending wrongful death claim should not be dismissed under the circumstances of this case.

This court has concluded that the Circuit Court of Wythe County Virginia does not have the authority to appoint a second administrator for the specific sole purpose of pursuing this wrongful death claim by finding that Thomas Jackson, Esquire may not exercise that role because there is "already a personal representative" ( who does not want to allow the case to go forward), thereby another may not be appointed. This Court relied on *Bolling v. D'Amato*, 526 E.E. 2d, 257.259 (Va. 2000).

1

This Court failed to consider the unusual circumstances of the beneficiaries, two of whom are suing a third in this case and the clear dictates of Virginia state law.

The Virginia state court made the Jackson appointment after a hearing and briefing on the plaintiffs' petition to strike the Clerk's denial of the appointment. The current statute gives the state court discretion for these matters, recognizing there may be more than one administrator. It gives the court the discretion to appoint as many as necessary for specific duties including separation of powers and when consent of all is necessary.

Va. Code § 64.2-106 provides as follows:

A. Upon the motion of a personal representative or trustee, <u>a circuit court may grant to the personal representative or trustee all or a part of the powers</u> that may be incorporated by reference pursuant to § 64.2-105. If there is <u>more than one personal representative or trustee,</u> the court may specify as to whether the consent of all personal representatives or trustees or a majority thereof shall be required to act, and in absence of such specification, the consent of all such personal representatives or trustees to act shall be required.

**B.** Such motion shall be filed in the circuit court in which the personal representative or trustee qualified, or if there was no qualification, the circuit court for the jurisdiction in which the grantor resides or resided at the time of his death, a trustee resides, or a corporate trustee has an office. Such motion may be ex parte; however, the court, in its discretion, may require such notice to and the convening of interested parties as it may deem proper in each case. Notwithstanding the granting of or <u>the court shall have continuing jurisdiction to confer powers in addition to those previously granted or to revoke any or all such powers previously granted by the court.</u> the failure to grant such powers, Such additional grant or revocation may also be ex parte.

**C.** <u>The court may, in granting or withholding such powers, consider (i) whether the personal representative or trustee was nominated by the decedent, the grantor, or the beneficiaries;</u> (ii) the number and capacity of the beneficiaries and their ability or inability to consent to the acts of the personal representative or trustee which are otherwise within the scope of § 64.2-105; (iii) the relationship of the personal representative or trustee to the beneficiaries; (iv) the character of the estate to be administered, including any real

estate which would be within the scope of the powers granted by the provisions of § 64.2-106; and (v) the capacity of the personal representative or trustee to perform under the powers conferred and to answer for any acts for which he might be held accountable under his bond.

*The court, in its discretion, may attach further conditions to such grant of power in any manner which it shall deem necessary and proper.*

D. In no case shall a court grant any powers, if the grant of such powers would be contrary to the intention of the testator or grantor as implied from or as expressed in the will or trust instrument, or would otherwise be inconsistent with the disposition made in the will or trust instrument.

Because the state court entered the order appointing Jackson at plaintiffs' request and petition, we believe this satisfies FRCP as noted.

We believe it is appropriate to recognize and enforce the State court order, a copy of which is attached. The plaintiffs' right to access the court and the intentions of the statutes of Virginia will be thwarted improperly should we not.                    PLAINTIFFS

                    BY COUNSEL

_____

Mary Lynn Tate VSB # 16085

Tate Law PC

211 West Main St.

P. O. Box 807

Abingdon, Virginia 24212

276-628-5185

mltate@tatelaw.com

cell 276-608-9185


Gerard K. Schrom, Esquire

Schrom, Shaffer & Botel, P.C.

4 West Front Street

Media, PA 19063

Phone: (610) 565-5050

Fax: (610) 565-2980

Email: gschrom@schromandshaffer.com

Co-Counsel for Plaintiffs


## CERTIFICATE OF SERVICE

**I hereby certify that a copy of the foregoing was filed and served via ECF electronic mail on this 3rd day of November 2025.**