IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

KIRA FERGUSON, individually and as
Executrix of the ESTATE OF WILLIAM S.
FERGUSON, DECEASED, and SHANNON
FERGUSON, in her own right,

    Plaintiffs,

v.

SUSAN DOONAN BLACKWELL

    Defendant.

Case No. 1:23-cv-00032-JPJ-PMS

## DEFENDANT SUSAN DOONAN BLACKWELL'S
## OPPOSITION TO PLAINTIFFS' RESPONSE TO SHOW CAUSE ORDER

Defendant Susan Doonan Blackwell ("Blackwell"), by counsel, submits the following Brief in Opposition to the Response to Show Cause Order filed by Plaintiffs Kira Ferguson and Shannon Ferguson ("Plaintiffs") (ECF No. 73).

On July 17, 2025, this Court correctly denied Plaintiffs' Motion to Substitute Mr. Jackson as the plaintiff in this matter (ECF No. 70). In reaching that conclusion, the Court held that the order appointing Mr. Jackson as co-administrator of the estate was void:

> Because Adams had already been appointed as the administrator of the estate when Jackson was appointed, Jackson's appointment violates Virginia law as applied by the Supreme Court of Virginia and is therefore invalid.

ECF No. 70 at 6. Because Mr. Jackson was not validly appointed as a co-administrator, he "is not the real party in interest and may not be a plaintiff in this case." *Id.* at 8.

On October 20, 2025, the Court entered a show cause order directing plaintiffs to explain "why the claim for wrongful death should not be dismissed without prejudice." (ECF No. 72).

Plaintiffs' Response (ECF No. 73) does not raise any new arguments, facts, or law that would yield a different conclusion than the one this Court already reached in its Order denying Plaintiff's motion to substitute (ECF. No. 70). Accordingly, the wrongful death claim should be dismissed.

The state court order purporting to appoint Mr. Jackson as the co-administrator remains void for the reasons explained in this Court's prior Order and based upon the binding and on-point precedent in *Bolling v. D'Amato*, 259 Va. 299 (2000). Namely, there was no vacancy in that position because Tara Adams was fully occupying that role and an administrator cannot be appointed to a position that is already filled.

Plaintiffs' brief (ECF No. 73) implies that the current version of the relevant statute (Va. Code § 64.2-106) provides greater discretion than the version in effect when *Bolling* was decided. *See* Pls.' Br. at 2; and *see generally Bolling,* 259 Va. 299. Nothing in the actual changes to the statutory language supports such an inference. Critically, *Bolling* remains good law and continues to be cited by the Virginia Supreme Court for the proposition that "another administrator may not be appointed unless there is a vacancy in the office." *Bartee v. Vitocruz*, 288 Va. 106, 112 (2014). "A vacancy in the office exists only when there is no existing qualified administrator." *Id.* Here, there was no vacancy because Ms. Adams was properly appointed as the administrator, was fully occupying that role, was never removed from that role, and no facts would have supported removing her from that role.

As a final point, Plaintiffs argue there are "unusual circumstances" that justify a departure from the "ancient and settled rule" requiring that "no further appointment can be made until a vacancy occurs in the office in some way recognized by law." *Bolling*, 259 Va. at 304 (quoting *Beavers v. Beavers*, 185 Va. 418, 423 (1946)). But there is nothing unusual about a case in which two of the beneficiaries "are suing a third" in a probate matter. (ECF No. 73 at 2.) Indeed, disputes

among beneficiaries are common in probate litigation. It is precisely because beneficiaries frequently disagree about how to handle a decedent's estate that Virginia adopted this ancient rule. In doing so, Virginia ensures that the estate speaks with one, consistent voice – either through a single administrator or through co-administrators who are required to reach consensus. Mr. Ferguson's beneficiaries may disagree about how to handle his estate, but such disagreement is neither uncommon nor a legitimate basis for an exception to the "ancient rule" regarding the appointment of administrators. To the contrary, the ancient rule that Plaintiffs seek to avoid was designed precisely to ensure that even in situations where beneficiaries disagreed, an estate would still speak with a single, unified voice through the properly authorized administrator.

WHEREFORE, for the foregoing reasons, Susan Doonan Blackwell respectfully requests this Honorable Court dismiss the wrongful death claim for the reasons set forth in this Court's Order denying Mr. Jackson's motion to substitute (ECF No. 70) and the Order to Show Cause (ECF No. 72) and grant such other and further relief as this Court deems just and proper.

Dated: November 4, 2025

                                                       **SUSAN DOONAN BLACKWELL**

                                            By: /s/ Stewart R. Pollock (VSB # 92466)
                                                  Kathleen M. McCauley, Esquire (VSB # 39028)
                                                  Stewart R. Pollock (VSB # 92466)
                                                  MORAN REEVES & CONN, PC
                                                  1211 E. Cary Street
                                                  Richmond, Virginia 23219
                                                  Telephone: (804) 421-6250
                                                  Facsimile: (804) 421-6251
                                                  kmccauley@moranreevesconn.com
                                                  spollock@moranreevesconn.com
                                                  *Counsel for Susan Doonan Blackwell*