CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
December 17, 2025
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| KIRA FERGUSON, Individually and as Executrix of the Estate of William S. Ferguson, Deceased, et al., | )<br>)<br>)<br>) |
| Plaintiffs, | )  Case No. 1:23CV00032 |
| v. | )  **OPINION** |
| SUSAN DOONAN BLACKWELL, | )  JUDGE JAMES P. JONES |
| Defendant. | ) |

*Mary Lynn Tate,* TATE LAW PC, *Abingdon, Virginia, and Gerald K. Schrom,* SCHROM, SHAFFER & BOTEL, P.C., *Media, Pennsylvania, for Plaintiffs; Kathleen M. McCauley and Stewart R. Pollock,* MORAN REEVES & CONN, PC, *Richmond, Virginia, for Defendant.*

Because there is not a plaintiff with proper standing in this case, the action will be dismissed without prejudice.

It is claimed in this wrongful death case based on diversity jurisdiction that the defendant breached a duty of care by encouraging the decedent to commit suicide, which he did. The current administrator of the decedent's estate — Tara Adams — declined to pursue the case, and beneficiaries of the estate obtained a state court order appointing a new co-administrator to serve as the plaintiff in the case, with the earlier-appointed administrator Ms. Adams left to handle the other normal

duties of that office.[1]  A motion to substitute this co-administrator as plaintiff was filed, which I denied on the ground that under Virginia law, once an administrator has been appointed, an additional administrator cannot be appointed unless there is a vacancy in the office.  *Ferguson ex rel. Estate of Ferguson v. Blackwell*, No. 1:23CV00032, 2025 WL 1984275 (W.D. Va. July 17, 2025) (citing *Bolling ex rel. Estate of Bolling v. D'Amato*, 526 S.E.2d 257, 259 (Va. 2000)).[2]  "Virginia jurisprudence provides that once the administrator or administrators of an intestate's estate have been properly qualified and appointed, another administrator may not be appointed unless there is a vacancy in the office. . . A vacancy in the office exists only when there is no existing qualified administrator."  *Bartee ex rel. Estate of Begley v. Vitocruz*, 758 S.E.2d 549, 551 (Va. 2014).

Thereafter, plaintiff's counsel was given notice to show cause why the case should not be dismissed without prejudice for failure to sue by a personal representative authorized by state law to enforce the right in question.  Dkt. No. 72.

---

[1]  On April 18, 2024, by order of the Circuit Court of Wythe County, Virginia, plaintiff Kira Ferguson was removed as executor and Tara Adams was appointed the estate's sole administrator.  Adams, with separate counsel, decided that as administrator she did not want to prosecute this case. Notice by Adams, Dtk. No. 49.  Although they have similar duties, an executor is a person named in the will while an administrator is one who is appointed in the absence of a will or a named executor.  *Ennis ex rel. Estate of Ennis v. Poe*, 661 F. Supp. 3d 554, 560 (W.D. Va. 2023).

[2]  A wrongful death action may only be brought by and in the name of the personal representative of such deceased person. Va. Code Ann. § 8.01-50(C).

The parties have responded to the order to show cause, and the matter is ripe for decision.

The plaintiffs' only defense to the order to show cause is to rely on a Virginia statute, Va. Code Ann. § 64.2-106, not previously cited. That statute permits a Virginia court to grant to a personal representative or trustee "all or a part of the powers that may be incorporated by reference pursuant to [Va. Code Ann.] § 64.2-105" and provides that if there is more than one personal representative or trustee, the court "may specify as to whether the consent of all personal representatives or trustees or a majority thereof shall be required to act, and in absence of such specification, the consent of all such personal representatives or trustees to act shall be required." Id. § 64.2-106(A).

This Code section has nothing to do with the Virginia Supreme Court's holding in *Bolling*, which is directly on point on the issue presented. It does not allow a Virginia court to appoint a co-administrator to file a wrongful death action when there is already an administrator of the estate. Only if Ms. Adams, the present administrator, was removed by a Virginia court would the appointment of a new administrator be permitted.[3] The state court's appointment of a co-administrator to

---

[3] Of course, a beneficiary could move the state court to remove the current administrator for cause because of her failure to pursue the wrongful death action, *Dalton v. Love ex rel. Estate of Dalton,* No. CL21000889-00, 2022 WL 19767319 (Va. Cir. Ct. Sept. 6, 2022), although Ms. Adams has alleged that she obtained legal advice that the current wrongful death action is meritless.

bring the wrongful death action was contrary to Virginia law, which I must follow. Fed. R. Civ. P. 17(a)(1), (b)(3).

For these reasons, the court will dismiss this case without prejudice.[4]  A separate judgment will be entered.

ENTER: December 17, 2025

/s/ JAMES P. JONES
Senior United States District Judge

---

[4] The present action also includes as plaintiffs individuals who are beneficiaries to the estate, but it is clear under Virginia law that they have no standing to assert the claims, nor do they contend to the contrary.